WORSHAM *vs* GOAR, adm'r.

4p 441
93  353
4p 441
94  163

WORSHAM VS GOAR, adm'or.

*As to actions by administrators.*
*As to notice to indorsers.*
*As to depositions to take testimony.*
*As to practice upon the argument of a cause.*
*As to liability of indorsers.*

1. The plea of *non assumpsit*, to an action by one, *as administrator*, admits the plaintiffs' right to sue in that capacity ; and obviates the necessity of proof to that point.

2. In cases where it is necessary to resort to the post office, as a *medium* of giving notice to an endorser, it should be shewn, that notice was sent to the office nearest the party's residence, or that through ignorance of such place of residence, proper diligence being used, notice was sent to a supposed place of residence, or to where a party was in the habit of receiving his letters.

3. To authorise testimony to be used on a trial at law to be taken by deposition, an affidavit is essential, showing the grounds rendering the deposition necessary.

4. And an affidavit cannot be dispensed with, by shewing that the adverse party had notice of the issuance of the deposition.

5. A commission to take testimony by deposition cannot be issued in blank ;—but before leaving the clerk's hands, must be directed to one or more persons.

6. A plaintiff does not lose the right to open and conclude the argument of a cause, by the failure of the defendant to offer evidence.

7. That the second indorser of a promissory note had neglected to pay it within three years, after maturity,—held to be no discharge of the first indorser, in an action by the former against the latter.

4P.     56

On a writ of error to the Circuit Court of Russell county.

This was an action of assumpsit, by Goar, the administrator of Ford. The declaration alleged, that on the nineteenth day of January, A. D. eighteen hundred and thirty-one, one Ezra B. Jones made and delivered to the defendant, a promissory note, payable to the order of the defendant, at the Branch of the State Bank in Milledgeville, for the sum of five hundred dollars; and which said note the defendant indorsed to the plaintiff's testator. That the note was regularly protested for non-payment; and was subsequently paid by the plaintiff, to the holders. And this action was to recover the amount of the note from the first indorser.

The record showed—First—a demurrer; on which no action appeared to have been had. Secondly— *non assumpsit.* And afterwards the verdict of a jury in favor of the plaintiff, and a bill of exceptions.

On the trial, the plaintiff produced a transcript of letters of administration granted to him on the estate of Ford, by the Inferior Court of Baldwin county, in the State of Georgia—to the authenticity of which, the defendant objected; but which objection the Court below overruled.

The note sued upon was then read in evidence, and proof made, that when it became due, a demand of payment was made at the Bank where payable; and a written notice deposited in the post office at Milledgeville, addressed to the defendant at Columbus, Georgia; but no proof was adduced, that the defendant resided at Columbus, or was in the habit of receiving his letters there.

The plaintiff then, notwithstanding the objection of the defendant, but which the Court overruled,—read as testimony, the deposition of a witness. The deposition was taken after due notice, but was objected to—first, because no affidavit had been made, that the witness resided out of the State, or was material: secondly, because the commission to take the testimony had been issued in blank—the commissioners' names not having been inserted in the same previous to its leaving the clerk's office.

The defendant having introduced no testimony in the cause, his counsel claimed the privilege of opening and concluding the argument,—which the Court disallowed.

The presiding Judge, on it appearing in evidence that the note had not been paid by plaintiff's intestate until some time after maturity, was requested to charge the jury, that in order to charge the defendant, the note should have been paid immediately by the second indorser; and if he suffered the holders to retain possession of the note for three years after its maturity, it amounted to a discharge of the defendant: which charge the Court refused.

And the defendant excepted.

COLLIER, J.—The defendant in error, sued the plaintiff in assumpsit, in the Circuit Court of Russell.

From the record, it appears, that the defendant's intestate, as the second indorser of a promissory note, (which had been put in circulation,) paid it after default by the maker, and sued the plaintiff, as the first indorser. In the record we find a demurrer

in short, by consent, and immediately thereafter the plea of *non-assumpsit*, in short.

No disposition appears to have been made of the demurrer, but the case was tried on an issue of fact, and a verdict rendered for the defendant, from a judgment, on which the plaintiff prosecutes a writ of error.

On the trial, the defendant offered in evidence a transcript from the records of the Inferior Court of the county of Baldwin, in the State of Georgia, of the grant of letters of administration to him, on the estate of his intestate, which, notwithstanding an objection by the plaintiff's counsel, was read to the jury.

The defendant also proved, that when the note fell due, a demand was made for payment, at the place where it was payable, in the State of Georgia, and that notice of its non-payment was given to the plaintiff, by depositing a letter in the post office, at Milledgeville, addressed to him, at Columbus, Georgia. But it was not shown that the plaintiff resided at or near the latter place, or was in the habit of receiving his letters there.

The defendant also read to the jury, the deposition of a witness, though there appeared no affidavit of his materiality, non-residence, or absence from the State; and though it appeared further, that the commission under which the deposition was taken, was issued in blank, and the commissioners' names thereafter inserted.—To the admission of all which testimony, the plaintiff, by his counsel objected—and, his objection being overruled, he excepted to the decision of the Court.

WORSHAM *vs* GOAR, adm'r.

The plaintiff, having offered no evidence, insisted upon the right to open and conclude the argument to the jury; but was overruled in this also, and again excepted to the opinion of the Court.

It is needless to enquire, whether the evidence offered to prove the representative character of the defendant was properly received.—It was not incumbent on him, to introduce any proof to that point.— The plea of *non-assumpsit* admitted his right to sue; as the administrator of him, whose estate he professed, by the pleadings, to represent.   All evidence, as to this point, was superfluous, and whether improperly received or not, could not prejudice the plaintiff: and he cannot be heard, to allege it in error.[*]      [*]2 Saund. 47, n..1. & 47, n. n. A

Where the indorsers of a promissory note reside at a place different from that where the holder of a promissory note lives, or where it is payable, it is usual and proper to give notice of its non-payment to all whom it is desired to charge, through the *medium* of the post-office.   When this means of communicating a notice is resorted to, the letter should be sent to the post-office nearest the residence of the party to be affected by it: unless it could be shewn, that he was in the habit of receiving his letters at another office.

But, if the holder of paper does not know the residence of a *prior party*, and uses proper diligence to ascertain it, and sends his notice in due time, to the place at which he is induced to believe he resides, it is quite sufficient, although he may live elsewhere. *Chapman vs Lipscomb.*[†]      [†]1Johns.R. 294.

In order to have made the notice to the plaintiff, available, the defendant should have shewn, either

that the post-office at Columbus was nearest his place of residence, or that his intestate, or the holder of the note at its maturity, being ignorant of his place of residence, used proper diligence to learn where it was; and that the result of his inquiries was the persuasion that it was at or near Columbus. And the requisition of the law would have been satisfied, had he have shewn, that, though that was not his nearest post-office, there he received his letters.—*M'Grew vs Toulmin*.* But, neither of these facts being shewn, the Court should have rejected the evidence, as irrelevant.

*2Stew. & Porter, 432

In respect to the deposition which was taken at the instance of the defendant, without an affidavit, previous to the issuance of the commission, shewing the materiality, non-residence or absence from the State, of the witness, it may suffice to remark, that our statutes, which authorise testimony to be taken by deposition, to be read on trials at law, all require that an affidavit shall be made, of the particular reason which renders it necessary to take it.

This pre-requisite, as was supposed by the Circuit Court, cannot be dispensed with, by shewing that the adverse party had notice, and might have cross-examined the witness had he desired. It is incumbent on the party obtaining a commission to examine witnessess, to give notice to his adversary, in addition to making the affidavit, and it cannot be dispensed with, unless expressly or impliedly waived ; for the statutes are alike imperative, in regard to either step. What would have been the effect upon these irregularities, had the plaintiff have cross-examined, is another question—which, as it is not pre-

The commission to take a deposition, must be perfect when it leaves the hands of the clerk, and cannot, afterwards, undergo an alteration, but by consent. He is directed to issue it to "one or more persons," to take and receive the deposition of the witness named in it.† If sent forth in blank, it, of † Aik. Dig. course, issues to *no person*, and does not satisfy the 126-7. requirement of the statute. And, though the clerk give his consent to one receiving a commission to examine witnesses, to fill all blanks, this will not legalize the act; for his authority extends not beyond the time when it leaves his hands.

It was the practice, ever since the organization of our State government, up to the July term, eighteen hundred and twenty of this Court, for the party holding the affirmative of an issue, to open and conclude the argument to the jury. At that term, rules were adopted, in lieu of those pre-existing, and the previous rule, declaring such to be the practice, was omitted. The nineteenth rule, for the government of the practice " *in the Circuit and County Courts*," directs, "If the counsel for the plaintiff waives the right of opening the argument, he shall not have the right of concluding." This rule, if it does not give the right to a plaintiff to open and conclude his argument, is certainly founded upon a concession, that he already had that right. So that in the refusal to allow it to the defendant below, there is no error.

The judge decided correctly, in refusing to instruct the jury, that a neglect, by the defendant's intestate, to pay the note within three years after its

maturity, amounted to the discharge of the plaintiff. Time can only be material, as furnishing a bar to a recovery. The statute of limitations is not relied on, nor indeed *can it be, successfully.*

For the error, in the decision of the Circuit Court, in regard to the notice of non-payment of the note, and in regard to the commission and deposition, the judgment is reversed, and the cause remanded.

GOLDTHWAITE, J., not sitting in this case.