# Pryor v. The State.

## Murder.

(Decided May 14, 1914.   65 South. 331.)

1. *Appeal and Error; Review; Exceptions.*—In the absence of any exceptions reserved to any part of the court's oral charge, objections thereto cannot be reviewed on appeal.

2. *New Trial; Criminal Cases.*—The action of the trial court in denying a motion for new trial in a criminal case cannot be reviewed on appeal.

3. *Criminal Law; Venue; Change.*—Under the evidence in this case the court would not have been justified under the statute in granting defendant's motion for a change of venue.

APPEAL from Gadsden City Court.

Heard before Hon. JAMES A. BILBRO.

Walter Pryor was convicted of murder and he appeals. Affirmed.

ROPER & STEPHENS, for appellant. The application for a change of venue was filed in time.—§ 7851, Code 1907, as amended Acts 1909, p. 212. The evidence fails to sustain the degree of homicide as found by the jury. —Clark's Manual of Criminal Law, 60. A constitutional question is always reviewable, and it is not denied that Joyner, one of the jurors, had only been a resident of Etowah county for four months, and that he sat in the case and voted for defendant's conviction.—§ 6, Constitution 1901; 4 L. R. A. 360; 18 L. R. A. 473; 77 Ga. 108.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. The application for a change of venue came too late and no good excuse is shown therefor.—*Fallen v. State*, 86 Ala. 13;

*Byers v. State,* 105 Ala. 31. The evidence did not authorize the granting of the motion in any event.—*Godau v. State,* 60 South. 908. This court cannot review the action of the trial court in refusing to grant a motion for a new trial in a criminal case.—*Burrage v. State,* 113 Ala. 108.

McCLELLAN, J.—The appellant has been adjudged guilty of the murder of George Quest. He is sentenced to death.

The application for change of venue was not erroneously denied. The evidence shown in the bill of exceptions was not sufficient to invite a conclusion that the defendant could not be given fair and impartial trial in Etowah county. The newspaper assertions and comments, published immediately after the homicide, were not of a character to so generally inflame the public mind to the prejudice of the defendant as to justify a finding in favor of a change of venue.—*Godau v. State,* 179 Ala. 27, 60 South. 908.

Without attempting the entirely unnecessary service of stating the evidence, which has been carefully considered, it will suffice to say that the degree of the crime charged, as well as the major question of guilt vel non, was for the jury.

There is no exception reserved to any part of the oral charge of the court. Hence the argument of counsel for appellant on that subject cannot be considered.

The ruling of the court denying the motion for a new trial cannot be the subject of review on appeal.—*Burrage v. State,* 113 Ala. 108, 21 South. 213; *Barnett v. State,* 165 Ala. 50, 59, 51 South. 299.

No error appearing, the judgment is affirmed.

Affirmed. All the Justices concur.