STATE v. C. B. RAPER ET AL.

(Filed 9 November, 1932.)

1. **Criminal Law I e—In this case held: defendant introduced no testimony and was entitled to concluding argument to jury.**

Where the defendant in a civil or criminal action introduces no evidence he is entitled as a matter of substantive right to conclude the argument to the jury, Rules of Practice in Superior Courts, 3, which right cannot be deprived by the exercise of judicial discretion, and the cross-examination of a State's witness by counsel for a defendant which elicits testimony that the defendant's character was good up to the time of the accusation against him does not amount to an introduction of evidence by the defendant, and where upon such testimony the defendant has been deprived of his right to conclude the argument to the jury a new trial will be granted.

**2. Criminal Law L c—Where new trial is ordered on one exception other exceptions need not be considered on appeal.**

Where a new trial is ordered on appeal for error of the trial court in refusing to allow the defendant to conclude the argument to the jury, other exceptions relating to the trial of the action need not be considered on appeal.

APPEAL by defendants, C. B. Raper, C. R. Wilson and E. A. Brookshire, from *Stack, J.*, at July Term, 1932, of FORSYTH. New trial.

The defendants in this action, C. B. Raper, C. R. Wilson, E. A. Brookshire, H. G. Myers and George Hilton, were tried in the Superior Court of Forsyth County on an indictment, in which it was charged that said defendants "on the first day of May, in the year of our Lord one thousand nine hundred and thirty-two, with force and arms, at and in the county aforesaid, unlawfully, wilfully and feloniously did conspire, confederate and agree together to commit the following violations of the criminal law:

1. Feloniously to forge and counterfeit a bill of lading on the Winston-Salem Southbound Railway Company for a carload shipment of cigarettes and by means thereof to get possession of said car and contents.

2. Feloniously to break the seal on railway cars containing cigarettes as freight in due course of transit on said railway, and to steal said cigarettes.

3. Feloniously to break and enter said car for the purpose of feloniously taking, stealing and carrying away cigarettes being shipped as freight from Reynolds Tobacco Company.

4. Feloniously to take, steal and carry away cigarettes being shipped as freight by Reynolds Tobacco Company over Winston-Salem Southbound Railway Company, to the evil example of all persons in like case offending, against the form of the statute in such case made and provided, and against the peace and dignity of the State."

At said trial, there was a verdict of "not guilty" as to the defendants, H. G. Myers and George Hilton, and of "guilty" as to the defendants, C. B. Raper, C. R. Wilson and E. A. Brookshire.

From judgment that the defendants, C. B. Raper, C. R. Wilson and E. A. Brookshire, and each of them, be confined in the State's prison, at hard labor, for a term of not less than eighteen months, nor more than two years, the said defendants appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*John C. Wallace for defendant, C. B. Raper.*

*John D. Slawter for defendants, C. R. Wilson and E. A. Brookshire.*

STATE *v.* RAPER. .

CONNOR, J. As the defendants are entitled to a new trial of this action for error in the refusal of the court to allow their counsel the right at least to conclude the argument to the jury, in accordance with the provisions of Rule 3, Rules of Practice in the Superior Courts of this State (200 N. C., 843) as prescribed by this Court under statutory authority (C. S., 1421), we have not considered and do not pass upon assignments of error on this appeal based on exceptions to rulings of the court with respect to evidence introduced by the State, or to instructions of the court in the charge to the jury. The motion of the defendants, at the close of the evidence, for judgment dismissing the action as of nonsuit (C. S., 4643), was properly denied. The evidence introduced by the State was sufficient in probative force to sustain a verdict that the defendants, and each of them, is guilty as charged in the indictment. It would seem that none of the assignments of error other than that based on the exception to the holding of the court that the State was entitled not only to open but also to conclude the argument to the jury, because the defendant, C. B. Raper, had introduced evidence at the trial, could be sustained.

It appears from the statement of the case on appeal as certified to this Court, that the State introduced as a witness for the prosecution, E. B. Kearnes. On his direct examination by the State, this witness testified that he is the local freight agent of the Norfolk and Western Railway Company and of the Winston-Salem Southbound Railroad Company, at Winston-Salem, N. C.; that the defendant, C. R. Wilson, on 31 May, 1932, was employed as billing clerk by both the Norfolk and Western Railway Company and the Winston-Salem Southbound Railroad Company, with an office in the station at Winston-Salem, and as such clerk had access to blank bills of lading and blank way-bills kept in said office; and that the defendant, C. B. Raper, on 31 May, 1932, was employed by the Southern Weighing and Inspection Bureau, in its office in the station of the Norfolk and Western Railway Company and the Winston-Salem Southbound Railroad Company at Winston-Salem. On his cross-examination by counsel for the defendant, C. B. Raper, the witness, without objection by the State, testified that he knew the general character of the defendant, C. B. Raper, and that up to the time of his accusation of the crime charged in the indictment in this action, his general character was good. No evidence was offered or introduced by the defendant, C. B. Raper, or by any of the other defendants, after the State rested. The court was of opinion that by eliciting from a State's witness, on his cross-examination, evidence that his general character was good up to the time of his accusation of the crime charged in the indictment in this action, the defendant, C. B. Raper, had introduced

CROWELL *v.* BRADSHER.

evidence and that, therefore, neither he nor his codefendants were entitled to open or conclude the argument to the jury, in accordance with the provisions of Rule 3, Rules of Practice in the Superior Courts of this State (200 N. C., 843), as prescribed by this Court under statutory authority. C. S., 1421.

We do not concur in the opinion of the court, and hold that it was error for the court, upon the facts shown in the statement of the case on appeal to deny the defendants the right to have their counsel at least to conclude the argument to the jury. This is a substantial legal right, of which the defendants could not be deprived by an exercise of judicial discretion. The defendant in an action, civil or criminal, who introduces no evidence after the plaintiff, or the State, as the case may be, has rested, is entitled as a matter of right to reply to the argument of counsel for the plaintiff or of the solicitor for the State, and to that end to conclude the argument to the jury. The eliciting of evidence in his behalf by the cross-examination of a witness for the plaintiff or for the State, is not such introduction of evidence by the defendant, as deprives him of his right. To hold otherwise, would tend to impair the right of a defendant to cross-examine a witness for the adverse party, without endangering his right, in the event he elects to introduce no evidence, after such party has rested, to have his counsel reply to the argument of counsel for the adverse party, by concluding the argument to the jury. The defendants are entitled to a

New trial.