193 So.2d 759

Donald Lewis COX

v.

STATE of Alabama.

6 Div. 94.

Supreme Court of Alabama.

Jan. 12, 1967.

Fred Blanton, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and Robt. F. Miller, Asst. Atty. Gen., for the State.

COLEMAN, Justice.

The defendant appeals from a judgment convicting him of rape and sentencing him to imprisonment for life.

The evidence for the state tends to show that, around ten o'clock at night on July 5th, prosecutrix went alone to a restaurant about four or five blocks from where she lived. At the restaurant, she was joined by a man named Harris. They remained thirty or thirty-five minutes, had something to eat and a beer, then left together. Harris ordered four beers "to go." They rode off in Harris' car to a spot near Spaulding Mines and parked. The hour was about eleven p. m. Harris opened a beer. They remained in the car five or ten minutes.

Harris got out of the car on the driver's side and went towards the rear where he saw a man standing. The man struck Harris. He was dazed by the blow. The man who struck Harris did not have a shirt on and was a negro. Harris started running downhill away from his car. He tried to stop a passing car. He hid in a bushy area. A few minutes later, he saw his own car pass. Later, another car stopped. Harris got into the car and rode to a club where the driver of the car called the police. About ten minutes later Harris went to a hospital, was treated for injuries to his face, and then went to another point where his car was. He did not see the prosecutrix.

Going back to the time when Harris got out of his parked car, at that time the prosecutrix heard a noise and opened the right front door to get out. A negro slid into the front seat and made a grab for her. She ran, tripped, and a negro grabbed her and put a knife under her chin. He said, " 'Make one sound and I will kill you,' " and, " 'If you don't make any trouble, you won't get hurt.' "

On returning to the car, she saw another negro in the driver's seat. She was told to get into the car. The negro who had hold of her arm also got into the front seat and she was between the two negroes. She was forced to grab her ankles. The car traveled about three miles and stopped because of a flat tire. The driver got out.

At that time, the car light came on and the prosecutrix recognized the defendant who was the driver. Each of the two negroes had sexual intercourse twice with prosecutrix while a knife was held at her throat. The acts were against her will and when she was fearful for her life.

Afterward, defendant took a handkerchief out of her purse and began to wipe the car and the steering wheel. The other negro was standing at the partly opened car door with a knife. Defendant kept telling him to get it over with, and he said, no, he wasn't a fool. They wiped off the steering wheel and door handles. The two negroes left and shortly thereafter prosecutrix went to a house and called the police.

Prosecutrix positively and unequivocally identified defendant as one of the men who had raped her.

Defendant's evidence tended to support his contention that he was not one of the negroes who had raped prosecutrix and that he was at a different place at the time the offense was committed.

### 1.

■ Defendant argues that the judgment should be reversed because the court erred in its oral charge in instructing the jury that " . . . . The law casts the burden upon the defendant, in proving an alibi, to reasonably satisfy the jury that he was elsewhere at the time of the commission of the offense. . . . . " This court has said that such a charge is not a correct statement of the law. Ragland v. State, 238 Ala. 587, 192 So. 498; Canty v. State, 242 Ala. 589, 7 So.2d 292.

Counsel on this appeal did not represent defendant on the trial where defendant was represented by two attorneys of his own choosing. Not only in this case, but also in other cases appealed to this court, the records attest the competency and zeal of defendant's trial counsel; e. g., Washington v. State, 269 Ala. 146, 112 So.2d 179; 274

Ala. 386, 148 So.2d 206. Defendant did not reserve any exception to the court's oral charge. After the oral charge was completed, the court inquired of the state and of the defendant as to the oral charge. Defendant's counsel replied: "Satisfied, Your Honor."

■ Numerous cases decided by this court establish the rule that, in the absence of an exception to the court's oral charge, there is nothing presented here for review. Pryor v. State, 186 Ala. 27, 65 So. 331; Parker v. State, 266 Ala. 63, 94 So.2d 209; and cases cited in Ala.Digest, Criminal Law, ☞1056(1).

■ Defendant takes the position in his brief that he cannot waive the right to have the jury correctly charged. We disagree. The orderly conduct of a trial requires some sort of rule of procedure. The rule should afford the party a fair opportunity to take exception to the charge if the party desire to do so. To aid the administration of justice, the exception should be taken at a time when the court may correct the error in the charge.

■ In the instant case, defendant and his counsel were present in court. They heard the oral charge. Defendant then had the burden and the opportunity to state defendant's objections to the court before the jury retired to determine their verdict. So far as we are advised, that rule has always been followed in this state. To allow defendant to complain of error in the charge at a later time would give him the opportunity to be aware of the court's error, but to remain silent, speculate on a favorable verdict, and in the event of an unfavorable verdict to obtain reversal on a ground which defendant deliberately chose not to raise by exception taken at the appointed time.

■ When a party has been given fair opportunity to exercise a right and fails to do so, we do not think it can be truly said that the party was denied that right. Be-

cause defendant did not except to the oral charge, the trial court will not be reversed for the alleged error in that charge.

## 2.

Defendant argues that the court erred in allowing the state to close the argument to the jury, even though defendant did not object to the state's having the right to close. Defendant says the psychological effects of having the final argument made by the prosecution dilute defendant's presumption of innocence and deprive defendant of due process of law under state and federal constitutions.

As far as we have learned, since 1820, the plaintiff, in this state, has had the right to open and close the argument to the jury. Worsham v. Goar, 4 Porter 441; Fairview Villa, Inc. v. City of Montgomery, 271 Ala. 360, 124 So.2d 67. In some states, by statute or rule, a defendant who offers no testimony has the right to open and close. Meade v. State, (Fla.), 85 So.2d 613, 59 A.L.R.2d 835; Hart v. State, 88 Ga.App. 334, 76 S.E.2d 561; State v. Raper, 203 N.C. 489, 166 S.E. 314. That privilege under those circumstances has been expressly denied in this state. Worsham v. Goar, supra; Royals v. State, 36 Ala.App. 11, 56 So.2d 363.

■■ We agree that the right to close the argument to the jury is a substantial, procedural right; Meade v. State, supra; but we are of opinion that a defendant is not denied due process by giving the right to close to the state when the state has, as it did here, the burden to prove the guilt of defendant beyond a reasonable doubt and to a moral certainty. Gilmore v. State, 99 Ala. 154, 13 So. 536; Sykes v. State, 151 Ala. 80, 44 So. 398.

## 3.

Defendant argues that the court erred in a number of rulings on objections to evidence. On direct examination the state asked the prosecutrix: "Did you see a knife in the hands of the individual who was seated next—" Defendant objected on the ground that the question was leading. The court stated that if the question were preliminary he would overrule, that he would sustain as to asking if he had a knife, and that the questioner could ask "if he had anything in his hand." The state then asked whether the individual seated next to prosecutrix had anything in his hand. Defendant did not object to this last question. The prosecutrix answered, "Yes, he had a knife."

■ The witness did not answer the question to which defendant objected. Defendant did not object to the question which the witness did answer. In this situation we do not think error is shown.

## 4.

■ Defendant says the court erred in admitting into evidence over his objection clothing worn by prosecutrix on the occasion of the crime. The principles stated in Smith v. State, 248 Ala. 363, 27 So.2d 495, govern the admissibility of the clothing of prosecutrix. These garments would be inadmissible only if their introduction into evidence would tend to corroborate or elucidate no material inquiry. We are of opinion that they do corroborate or elucidate the testimony of prosecutrix as to the manner of commission of the crime and were admitted without error.

## 5.

On cross-examination of prosecutrix, defendant asked her what she had told the investigating officer on the occasion when she gave the officer a description of the man who had attacked her. The state objected, suggesting that defendant was examining the prosecutrix from a written statement and that she was entitled to read the statement before being questioned on it. The court sustained the objection.

■ If the court erred in sustaining the objection, which we do not decide,

it was error without injury because the defendant immediately continued the cross-examination by asking prosecutrix seven or more questions as to how she had described her attacker to the investigating officer. We do not think defendant was deprived of any evidence by sustaining objection to the one question because the prosecutrix, in answering the subsequent questions, gave the information called for by the question to which objection was sustained. Error in sustaining objection to a question on cross-examination is harmless where the witness, on subsequent cross-examination, testifies to the same facts sought to be elicited by the question to which objection was sustained. Rosenbush Feed Co. v. Garrison, 251 Ala. 245, 247, 37 So.2d 106.

### 6.

On cross-examination, defendant asked one of the investigating officers whether, to his knowledge, any police officer had made an attempt to determine who cut defendant's hair for the past two years. The state objected, stating that "It will be impossible for this witness to know what other police officers did in this case." The court sustained the objection.

 It might have been impossible for the witness to know everything that other police officers had done, but that would not prevent him from stating his own knowledge as to whether any officer had made such investigation. We are not impressed with the stated ground of objection. We do not think, however, that defendant was deprived of evidence as to the witness' knowledge of such investigation because the witness further testified that the file which witness had in his lap had nothing in it to indicate the name of defendant's barber, that the witness did not personally make any investigation as to who was defendant's barber, and that, after the investigation was turned over to the sheriff's office, the witness had no further connection with the investigation.

 Defendant also asked this witness whether he had ever come to learn the name of defendant's barber. The court sustained objection "· . . . as to what he learned. That would be hearsay." In the form propounded, the question, we think, did call for hearsay and objection was sustained without error.

### 7.

On cross-examination of the investigating officer to whom prosecutrix had made complaint on the night the offense occurred, defendant asked the officer in considerable detail as to what the prosecutrix had told the officer about the description of defendant, and, among other things, about the wiping of fingerprints off the automobile. Defendant introduced into evidence the writing which the officer made on the occasion of the complaint. This writing states with remarkable brevity an account of the events of the evening of the crime and description of the assailants. In part, the writing recites: "Says both Negroes raped her twice each while other held knife at her throat. Arms and legs scratched."

When defendant began to cross-examine with reference to the writing and statements made to the officer by prosecutrix, the state's counsel stated that defendant's going into the description opened up, and the state expected to go into, the full text of the statement of prosecutrix.

On redirect, the state, over defendant's objection, did go into the details of the statement made to the officer by prosecutrix. Defendant says overruling his objection to questions calling for additional details of her statement was error.

 When the complaint does not constitute part of the *res gestae* but is received in corroboration of the prosecutrix's testimony, the general rule is that the details or particulars cannot be introduced, in the first instance by the state. Huggins v. State, 271 Ala. 428, 432, 123 So.2d 911, and authorities there cited.

There are two cases, at least, where details of the complaint may be proved: (1) They may be elicited, on cross-examination, by the defendant; and where this is done only in part, the state on rebutting examination, may then proceed to prove the whole complaint. (2) Where testimony of prosecutrix is sought to be impeached, by attempting to discredit her story, it is permissible, by way of corroboration, for the state to prove such details. Barnett v. State, 83 Ala. 40, 44, 3 So. 612.

In the case at bar, defendant on cross-examination, brought out part of the details of the complaint made to the investigating officer and the state was entitled to prove the whole complaint. The court did not err in overruling defendant's objection.

### 8.

In overruling defendant's objection to question asking witness: "Did you investigate an alleged violation of the law by an individual by the name of Donald Lewis Cox?," the court adopted the qualification stated by defendant and the court did not err in thus overruling the objection.

### 9.

The court did not err in sustaining objection to a question asking the witness whether, "in your opinion," defendant "fitted the description of about five foot ten, 145 to 150 pounds, about thirty years old." The jury could see defendant and were as well qualified as the witness to form an opinion whether defendant fitted the description. As a general rule, opinion evidence is not admissible touching matters the jury is as competent to judge as the witness. Capital Motor Lines v. Gillette, 235 Ala. 157, 162, 177 So. 881.

Objection to the question propounded to the witness Reeves asking for his judgment as to defendant's weight was sustained without error for the same reason.

### 10.

Defendant made objection during the state's argument to the jury. The court overruled. The argument is not set out in the record. If the argument was beyond the bounds of legal propriety, the record does not sufficiently disclose what was said in its context for us to say the argument was improper. Mincy v. State, 262 Ala. 193, 78 So.2d 262.

Defendant argues that we must "accept the abbreviated statement of counsel as to the purport of the deputy solicitor's remarks" because the remarks were not recorded by the court reporter.

The record does not show that defendant requested that the reporter take down the argument of counsel and that the request was refused. In this situation, we do not think defendant can benefit by the absence of a transcript of the argument objected to. See Argo v. State, 277 Ala. 177, 168 So.2d 23.

We are of opinion that the court did not err in overruling defendant's motion for new trial on the ground that the verdict is against the great weight of the evidence.

Counsel for defendant has ably pointed out in brief those matters which merit discussion. Upon consideration of the matters argued and the record, we are of opinion that the judgment is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.