STATE OF NORTH CAROLINA v. KENNETH CAMPBELL

(71CR3754 and (71CR3756)

No. 7211SC336

(Filed 24 May 1972)

1. Constitutional Law § 6— rules of practice and procedure — authority of legislature

The General Assembly has the final word on rules of practice and procedure in the trial courts of this State. Article IV, Sec. 13(2), of the N. C. Constitution.

2. Criminal Law § 102— jury argument — time limitation

The trial court committed prejudicial error in limiting defense counsel's jury argument of three felony cases to thirty minutes where defense counsel had requested an hour for such argument. G.S. 84-14.

APPEAL by defendant from *Copeland, Judge,* 6 December 1971 Session, HARNETT Superior Court.

In case #71CR3754 defendant was charged with felonious possession of LSD on 16 April 1971 and in case #71CR3755 he was charged with felonious sale of LSD on 16 April 1971. In case #71CR3756 defendant was charged with felonious possession of LSD on 29 April 1971. On motion of the solicitor and without objection by defendant, the cases were consolidated for trial. The jury returned verdicts of guilty in the two possession cases and a verdict of not guilty in the sale case. The court entered judgments as follows: In #71CR3754, prison sentence of not less than four nor more than five years with credit to be given for eight days spent in jail awaiting trial. In #71CR3756, prison sentence of not less than four nor more than five years to run concurrently with sentence imposed in #71CR3754. Defendant appealed from the judgments.

*Attorney General Robert Morgan by Henry E. Poole, Associate Attorney, for the State.*

*Woodall, McCormick and Arnold by Edward H. McCormick for defendant appellant.*

BRITT, Judge.

By his first assignment of error defendant contends that the trial court erred in limiting defense counsel's jury argument to thirty minutes. The assignment of error is sustained.

The record reveals that before jury arguments began defendant's attorney requested one hour within which to argue the three felony cases against his client. The record further reveals that the court "in its discretion sets a time limit of thirty minutes to each side to which the defendant objects and excepts."

Article IV, Sec. 13(2) of the Constitution of North Carolina provides in pertinent part as follows: ". . . . . The General Assembly may make rules of procedure and practice for the Superior Court and District Court Divisions, . . . . No rule of procedure or practice shall abridge substantive rights or abrogate or limit the right of trial by jury. If the General Assembly should delegate to the Supreme Court the rule-making power, the General Assembly may, nevertheless, alter, amend, or repeal

any rule of procedure or practice adopted by the Supreme Court for the Superior Court or District Court Divisions."

[1, 2] It is readily apparent from reading this section of our State Constitution that the people of North Carolina, with certain reservations, have vested in their elected senators and representatives in The General Assembly the final word on rules of procedure and practice in the trial courts of our State. The General Assembly has seen fit to enact G.S. 84-14 which provides in pertinent part as follows: "In all trials in the superior courts there shall be allowed two addresses to the jury for the State or plaintiff and two for the defendant, except in capital felonies, when there shall be no limit as to number. The judges of the superior court are authorized to limit the time of argument of counsel to the jury on the trial of actions, civil and criminal as follows: To not less than one hour on each side in misdemeanors and appeals from justices of the peace; to not less than two hours on each side in all other civil actions and in felonies less than capital; in capital felonies, the time of argument of counsel may not be limited otherwise than by consent, except that the court may limit the number of those who may address the jury to three counsel on each side. . . ."

In his brief the Attorney General contends that while the court in the instant case may have technically violated G.S. 84-14, the violation was not prejudicial to the defendant and was a harmless error. We cannot agree with this contention. No doubt it is true that many jury arguments are too lengthy but this court has nothing in the record to show that defendant's counsel in the instant case was able to fully argue his contentions in the thirty minutes allowed by the trial judge. Defendant was tried on three separate bills of indictment, charging entirely different offenses—one of them on a date thirteen days later than the others. The General Assembly, pursuant to authority clearly given it by the constitution, vested defendant with certain rights and they must be respected. It would appear that this is a right that a defendant may waive and in many instances the length of jury arguments are limited by agreement, but in the absence of waiver or agreement a defendant is entitled to the rights provided by our constitution and statutes. The error entitles defendant to a new trial.

Defendant assigns as error the failure of the trial court to allow his timely made motions to dismiss the possession

charges against him. We think the evidence was sufficient in each case to survive the motions.

We have considered the other assignments of error brought forward and discussed in defendant's brief but find them to be without merit.

For the reasons stated, defendant is awarded a

New trial.

Judges PARKER and HEDRICK concur.