State v. Feldstein

---

---

STATE OF NORTH CAROLINA v. RICHARD STEVEN FELDSTEIN

No. 743SC189

(Filed 1 May 1974)

**Criminal Law § 102— length of jury argument**
    Defendant is granted a new trial where he was entitled to at least two hours of jury argument by G.S. 84-14, but the trial court limited him to only one hour.

APPEAL by defendant from *Cowper, Judge,* at the 7 August 1973 Session of PITT Superior Court.

Heard in the Court of Appeals 10 April 1974.

The defendant in this criminal action was charged in two bills of indictment with possession of cocaine and with possession with the intent to distribute marijuana. Policemen, with a valid search warrant, entered the defendant's unoccupied residence and seized, among other items, 2,914.1 grams of marijuana and two plastic bags containing something less than one gram

of cocaine. Prior to jury argument and over defendant's objection, the trial court limited defense counsel and the Solicitor to one hour each for jury argument. From a verdict of guilty as to both charges, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Walter E. Ricks III for the State.*

*Hatch, Little, Bunn, Jones, Few & Berry by David H. Permar for defendant appellant.*

CAMPBELL, Judge.

The trial court in the case at bar was in error in limiting the jury arguments to one hour. G.S. 84-14 provides in pertinent part:

" . . . In all trials in the superior courts there shall be allowed two addresses to the jury for the State or plaintiff and two for the defendant, except in capital felonies, when there shall be no limit as to number. The judges of the superior court are authorized to limit the time of argument of counsel to the jury on the trial of actions, civil and criminal as follows: To not less than one hour on each side in misdemeanors and appeals from justices of the peace; to not less than two hours on each side in all other civil actions and in felonies less than capital; in capital felonies, the time of argument of counsel may not be limited otherwise than by consent, except that the court may limit the number of those who may address the jury to three counsel on each side. . . . "

The language of the statute is clear. Defense counsel was entitled to at least two hours for jury argument in this, a felony case. See *State v. Campbell,* 14 N.C. App. 596, 188 S.E. 2d 558 (1972). We, therefore, grant a new trial. Defendant's other assignments of error need not be discussed as they may not recur on retrial.

New trial.

Judges MORRIS and VAUGHN concur.