HARRIS, Judge.
Appellant was convicted of the offense of robbery and sentenced to ten years imprisonment in the penitentiary. Prior to arraignment he was found to be indigent and counsel was appointed to represent him at arraignment and throughout the trial in chief. He pleaded not guilty. After sentence was imposed, he gave notice of appeal and was furnished a free transcript. New counsel was appointed to represent him on appeal.
The facts presented by the State are not in dispute. Appellant did not testify nor did he offer any evidence in his behalf.
Near midnight on January 30, 1975, the Thrift Store located at 871 South Broad Street in the city of Mobile, Alabama, was robbed by two young black males who entered the store wearing handkerchiefs partly covering their faces. A customer who had just entered the bakery, William A. Orrell, testified that just as he walked into the bakery two black boys burst in the door behind him and hollered, “Don’t anybody move, it’s a stickup.” That one of the robbers pointed a pistol directly in his face and said, “Don’t move.” As appellant held the pistol in his face, Mr. Orrell was close enough to see that the pistol was fully loaded. The other robber instructed Sadie Mae Crumb, an employee of the store, to open the cash register and fill a bag with money. Mr. Orrell identified appellant as the man with the pistol despite the fact that his face was concealed from the nose down. This witness further testified that after holding the pistol on him to make sure he didn’t move appellant went to the cash register where the other man was and both of them got the money. After getting the money, the robber got a padlock from the store and as they left the store they padlocked it.
Sadie Mae Crumb testified to essentially the same facts as Mr. Orrell. She stated that the amount of money taken was $101.00. She also testified that the man with the pistol was the appellant and pointed him out in the courtroom. She further identified the weapon used by appellant in the robbery.
On cross-examination she testified that she was positive in her identification of appellant as the robber because she got a good look at him when he was pointing the pistol in her face. She stated that the handkerchief did not cover his entire face. That his hair was bushy on top and his eyes were big. She made a positive in-court identification of appellant as the robber with the pistol.
Officer Walter Pidgeon of the Mobile Police Department who was on patrol duty in the vicinity of the robbery testified that he responded to a holdup alarm at the Thrift Bake Shop on South Broad Street. During his investigation he got a tip that two black males were seen running from the Thrift Shop and entering a rooming house on South Carolina Street. The description fit the robbers given the officer by the people at the scene of the robbery. Officer Pidgeon and the other officers *748 who had responded to the robbery report entered the rooming house and were informed to go to room number nine. In room nine the officers found appellant with a revolver in his hand. The other suspect was found in another room in this house and both men were arrested and carried to the station house. At the station house appellant was searched and $59.-00 together with a handkerchief were found in his pockets.
This witness further testified that appellant’s name was Daniel Coleman and he lived at 1010 Baltimore Street in Mobile, Alabama, which was several blocks from the rooming house where he took refuge in less than ten minutes after the robbery. This witness identified the pistol that appellant had in his hand in room nine of the rooming house as a .22 caliber revolver and it was introduced into evidence along with the handkerchief removed from appellant’s pocket when he was searched at the station house. This officer further stated that the $59.00 was in one of appellant’s shoes.
Appellant moved to exclude the State’s evidence on the ground the State had failed to make out a prima facie case against appellant. The motion was overruled and denied.
Appellant urges this Court to reverse this case because of the failure of the trial court to orally charge the jury as to the elements involved in the offense of robbery.
In Cox v. State, 280 Ala. 318, 193 So.2d 759, the Supreme Court said:
“Defendant takes the position in his brief that he cannot waive the right to have the jury correctly charged. We disagree. The orderly conduct of a trial requires some sort of rule of procedure. The rule should afford the party a fair opportunity to take exception to the charge if the party desire to do so. To aid the administration of justice, the exception should be taken at a time when the court may correct the error in the charge.
“In the instant case, defendant and his counsel were present in court. They heard the oral charge. Defendant then had the burden and the opportunity to state defendant’s objections to the court before the jury retired to determine their verdict. So far as we are advised, that rule has always been followed in this state. To allow defendant to complain of error in the charge at a later time would give him the opportunity to be aware of the court’s error, but to remain silent, speculate on a favorable verdict, and in the event of an unfavorable verdict to obtain reversal on a ground which defendant deliberately chose not to raise by exception taken at the appointed time.
“When a party has been given fair opportunity to exercise a right and fails to do so, we do not think it can be truly said that the party was denied that right. Because defendant did not except to the oral charge, the trial court will not be reversed for the alleged error in that charge.”
Numerous cases decided by the Supreme Court and this Court establish the rule to be that, in the absence of an exception to the Court’s oral charge, nothing is presented for review. Pryor v. State, 186 Ala. 27, 65 So. 331; Parker v. State, 266 Ala. 63, 94 So.2d 209; Shiver v. State, 49 Ala.App. 615, 274 So.2d 644; Cannon v. State, 53 Ala.App. 509, 301 So.2d 272; Vernon v. State, 55 Ala.App. 341, 315 So.2d 137.
Appellant could have requested a written charge to correct the omission in the oral charge. This he failed to do.
The judgment of conviction is affirmed.
AFFIRMED.
TYSON, DeCARLO and BOOKOUT, JJ., concur.