STATE OF NORTH CAROLINA v. STEPHANIE YVETTE EURY

No. 515A85

(Filed 12 August 1986)

**1. Criminal Law § 102— capital case—closing arguments by both defense counsel**

When a defendant in a capital case does not offer evidence and is entitled to both open and close the argument to the jury, his attorneys may each address the jury as many times as they desire during the closing phase of the argument, the only limit to this right being the provision of N.C.G.S. § 84-14 allowing the trial judge to limit to three the number of counsel on each side who may address the jury. Therefore, the trial court erred in denying defendant's motion that both defense counsel be permitted to address the jury during defendant's closing argument at the guilt-innocence phase of the trial, and such error was prejudicial to defendant. Rule 10, General Rules of Practice for the Superior and District Courts.

**2. Criminal Law § 102— noncapital case—closing arguments—number of defense counsel**

If defendant elects to present evidence on retrial of a first degree murder case which has lost its capital nature, defendant is entitled to open the argu-

ment to the jury before the prosecution argues, and two of her counsel may address the jury within the time limits prescribed by N.C.G.S. § 84-14. If defendant does not present evidence, she is entitled to both open and close the argument to the jury, and in such case she may have one lawyer make the opening argument and one the closing or she may waive one argument and have both lawyers address the jury during the remaining argument.

Justice MARTIN dissents in part.

APPEAL as of right by defendant pursuant to N.C.G.S. § 7A-27(a) from judgment entered by *Rousseau, J.*, at the 22 April 1985 Session of STOKES County Superior Court. Defendant's motion to bypass the North Carolina Court of Appeals on the non-Class A felonies was allowed on 30 August 1985.

Defendant was convicted of first degree murder, first degree burglary, and robbery with a dangerous weapon. The trial judge imposed a sentence of life imprisonment for first degree murder, a sentence of 15 years for first degree burglary to run consecutively to the sentence for first degree murder, and a sentence of 14 years for robbery with a dangerous weapon to run consecutively to the sentence for first degree burglary.

The State's evidence tended to show the following:

Mrs. Doris Faircloth, the daughter of Rev. J. E. Darter, found the body of her 92-year-old father in his home on 28 August 1984. The body was lying on the foot of his bed. Two belts were wrapped around his neck and one of the belts was tied to a bed post. One of the eyes appeared to have been gouged out of his badly swollen head, and there was a long gash on each of his arms. There was medical testimony that the victim died of ligature strangulation.

On 26 August 1984 at 5:46 p.m. a telephone call was made from Rev. Darter's residence to the residence of Ruby Locklear in Greensboro. Mrs. Locklear stated that she did not know Rev. Darter, but that she had received a telephone call from Perrie Dyon Simpson on that date. Simpson was arrested on an unrelated charge and was subsequently charged with the first degree murder of Rev. Darter. On 22 September, defendant was arrested as she left Moses Cone Hospital where she had given birth to a child four days earlier. The 16-year-old defendant initially denied any knowledge of Rev. Darter's death, but later she gave a state-

ment admitting that on 27 August 1984 she and Simpson killed Rev. Darter and stole several items from his home. In addition to her confession, the State presented fingerprint evidence which tended to connect defendant to the crimes. Also, items stolen from the victim's home were found at defendant's residence.

Defendant offered no evidence at the guilt-innocence phase of her trial.

*Lacy H. Thornburg, Attorney General, by Joan H. Byers, Special Deputy Attorney General, for the State.*

*Mark Galloway and W. Osmond Smith III, for defendant-appellant.*

BRANCH, Chief Justice.

[1]  Defendant contends that the trial court erred in denying her motion that *both* defense counsel be permitted to address the jury during defendant's closing argument at the guilt-innocence phase of the trial.

The record in this case reflects the following exchange between the court and defense counsel Smith:

COURT: . . . How many arguments does the defendant want?

MR. SMITH: Mr. Dillinger and I both want to argue, Your Honor, and both would like to argue after the State completes its argument.

COURT: I understand that you would but I don't believe that is the procedure.

MR. SMITH: In a capital case?

COURT: You get the opening and closing arguments.

MR. SMITH: If that is the case we waive the opening and want the closing.

COURT: No, you don't get that.

MR. SMITH: Note our exception to that then, as I understand it.

COURT: You get the opening argument, then the State argues, and you get the closing argument. I believe there is a limit on the number of arguments in a capital case. Three, and the time is unlimited.

MR. SMITH: That is as to the number of lawyers, Your Honor, but the rules say that the jury arguments are unlimited.

COURT: That is as to the time. Anyway, you may have the opening argument by one lawyer, then the State will argues [sic], then you argue the closing by one attorney.

MR. SMITH: We understand and object and note our exception and let the record reflect that whether it be considered a waiver of the opening or not we would both like to argue at the close of the State's argument.

COURT: I understand but that is not the law and in my discretion I direct that you have the opening and the State is next and you have the last. Three lawyers and three arguments.

The record also shows that Mr. Smith argued to the court that under N.C.G.S. § 84-14 both defense counsel should be allowed to close the argument to the jury. Mr. Smith requested a few minutes to obtain the applicable statute for the judge's reference, but the judge called for jury arguments to begin. After a break, defense counsel renewed their request that they both be allowed to address the jury during closing argument which request was again denied.

N.C.G.S. § 84-14 states as follows:

In all trials in the superior courts there shall be allowed two addresses to the jury for the State or plaintiff and two for the defendant, except in capital felonies, when there shall be no limit as to number. The judges of the superior court are authorized to limit the time of argument of counsel to the jury on the trial of actions, civil and criminal as follows: to not less than one hour on each side in misdemeanors and appeals from justices of the peace; to not less than two hours on each side in all other civil actions and in felonies less than capital; in capital felonies, the time of argument of counsel

may not be limited otherwise than by consent, except that the court may limit the number of those who may address the jury to three counsel on each side. Where any greater number of addresses or any extension of time are desired, motion shall be made, and it shall be in the discretion of the judge to allow the same or not, as the interests of justice may require. In jury trials the whole case as well of law as of fact may be argued to the jury.

Rule 10 of the General Rules of Practice for Superior and District Courts provides:

In all cases, civil and criminal, if no evidence is introduced by the defendant, the right to open and close the argument to the jury shall belong to him. If a question arises as to whether the plaintiff or the defendant has the final argument to the jury, the court shall decide who is so entitled, and its decision shall be final.

N.C.G.S. § 15A-1230(b) states that the "[l]ength, number, and order of arguments allotted to the parties are governed by G.S. 84-14." Thus, a review of the applicable statutes and rules of court provides no clear answer to the question posed by this assignment of error.

In *State v. Gladden*, 315 N.C. 398, 340 S.E. 2d 673 (1986), we carefully examined the statutory provisions which were the forerunners of N.C.G.S. § 84-14. Justice Meyer, speaking for the Court, stated:

We construe N.C.G.S. § 84-14 to mean that, although the trial court in a capital case may limit to three the number of counsel on each side who may address the jury, those three (or however many actually argue) may argue for as long as they wish and each may address the jury as many times as he desires. Thus, for example, if one defense attorney grows weary of arguing, he may allow another defense attorney to address the jury and may, upon being refreshed, rise again to make another address during the defendant's time for argument. However, if the defendant presents evidence, all such addresses must be made prior to the prosecution's closing argument.

*Gladden*, 315 N.C. at 421, 340 S.E. 2d at 688.

The question of the order in which arguments should be made was considered by our Court in *State v. Raper*, 203 N.C. 489, 166 S.E. 314 (1932). There, the defendant was charged with felonious conspiracies arising from a plan to steal a carload of cigarettes. During cross-examination his counsel, without objection, elicited from a State's witness evidence of the defendant's good character. No evidence was offered by defendant Raper or any of his co-defendants.

The trial judge held that defendant Raper had offered evidence and denied all the defendants the right to open and close the arguments to the jury. *Id.* at 491-92, 166 S.E. at 315. This Court ordered a new trial and in so doing, in part, stated:

> We do not concur in the opinion of the court, and hold that it was error for the court, upon the facts shown in the statement of the case on appeal to deny the defendants the right to have their counsel at least to conclude the argument to the jury. This is a substantial legal right, of which the defendants could not be deprived by an exercise of judicial discretion. The defendant in an action, civil or criminal, who introduces no evidence after the plaintiff, or the State, as the case may be, has rested, is entitled as a matter of right to reply to the argument of counsel for the plaintiff or of the solicitor for the State, and to that end to conclude the argument to the jury.

*Id.* at 492, 166 S.E. at 315.

*State v. Gladden* makes it clear that in a capital case as many as three counsel on each side "may argue for as long as they wish and each may address the jury as many times as he desires." *Gladden*, 315 N.C. 398, 421, 340 S.E. 2d 673, 688. It is evident that the trial court in violation of the provisions of N.C.G.S. § 84-14 erroneously limited the *number* of addresses by defense counsel.

We concluded that "if the defendant presents evidence, all such addresses must be made prior to the prosecution's closing argument." *Gladden*, 315 N.C. at 421, 340 S.E. 2d at 688. It follows as a matter of fairness and equity that when, in a capital case, a defendant does not offer evidence and is entitled to both open and close the argument to the jury, his attorneys may each address the jury as many times as they desire during the closing phase of

the argument. The only limit to this right is the provision of N.C.G.S. § 84-14 allowing the trial judge to limit to three the number of counsel on each side who may address the jury.

Having decided that the trial judge erred in refusing to permit both counsel to address the jury during defendant's closing argument in instant case, we turn to the question of whether his ruling constituted prejudicial error.

The right to closing argument is a substantial legal right of which a defendant may not be deprived by the exercise of a judge's discretion. *State v. Raper,* 203 N.C. 489, 492, 166 S.E. 314, 315. *See also State v. McMorris,* 290 N.C. 286, 225 S.E. 2d 553 (1976).

Although the cases do not consider the *number* of addresses by counsel our Court of Appeals has also held a trial judge's violation of the provisions of N.C.G.S. § 84-14 to be prejudicial error. *See State v. Feldstein,* 21 N.C. App. 446, 204 S.E. 2d 551 (1974); *State v. Campbell,* 14 N.C. App. 596, 188 S.E. 2d 558 (1972).

In instant case there was strong evidence of defendant's guilt. However, one can only speculate as to how the jury would have reacted had defendant not been deprived of her substantial right to have both counsel make closing argument. We, therefore, hold that the ruling of the trial judge constituted prejudicial error.

[2] Because the jury recommended that defendant be sentenced to life imprisonment the State may not seek the death penalty on retrial. As a result the case has lost its capital nature. In trials in the superior courts involving other than capital felonies the State and the defendant are entitled to two addresses to the jury. N.C.G.S. § 84-14 (1985). If on retrial defendant elects to present evidence she is entitled to open the argument to the jury before the prosecution argues, and two of her counsel may address the jury within the time limits prescribed by N.C.G.S. § 84-14. *See* Rule 10, General Rules of Practice for the Superior and District Courts; *State v. Gladden,* 315 N.C. 398, 421, 340 S.E. 2d 673, 688. If defendant does not present evidence she is entitled to both open and close the argument to the jury. Rule 10, General Rules of Practice for the Superior and District Courts. In such case she may have one lawyer make the opening argument and one the

closing or she may waive one argument and have both lawyers address the jury during the remaining argument.

Defendant did not specifically raise the issue herein presented as to the noncapital charges. However, by stipulation, she waived her opening argument and thereby squarely factually presented the question of noncapital charges. We therefore, in our discretion, elect to consider the question as to noncapital charges. Applying the above-stated principles of law, we hold that the failure of the trial judge to allow both of defendant's counsel to make the closing argument was prejudicial error in the noncapital as well as the capital charges.

For reasons stated, the defendant is entitled to a new trial.

New trial.

Justice MARTIN dissenting in part.

I concur in the holding that the trial judge erred in refusing to allow both counsel for defendant to make their jury arguments after the state's argument. However, the defendant has failed to demonstrate that this error was prejudicial. Therefore, I dissent from the conclusion of the majority that defendant is entitled to a new trial.

The defendant has the burden not only to show error but prejudice as well. *State v. White,* 307 N.C. 42, 296 S.E. 2d 267 (1982); *State v. Atkinson,* 298 N.C. 673, 259 S.E. 2d 858 (1979). The test for harmless error in this case is whether there is a reasonable possibility that had the error not been committed, a different result would have been reached at trial. N.C.G.S. § 15A-1443(a) (1983). As the majority states, "there was strong evidence of defendant's guilt." The majority further holds that one can only "speculate" how the jury would have reacted if the error had not been committed. A new trial should not be granted based upon a *speculation* that prejudicial error infected the trial. Defendant's burden is greater. She must show there was a reasonable possibility that a different result would have obtained absent the error. Defendant has failed to so do. I find no prejudicial error in defendant's trial.