BRYANT, Judge.
Where defendant introduced evidence within the meaning of Rule 10, the trial court did not err in ruling that he lost his right to the final closing argument.
On 10 August 2017, defendant Thomas Victor Rinehart, Jr., appeared before the Honorable Nathanial J. Poovey, Judge presiding, in Caldwell County Superior Court for felonious breaking and entering, felonious larceny, felonious possession of stolen goods, and attaining habitual felon status.
The State's evidence established that Bradford Watson ("Watson") and his wife went to their rental property on 3 July 2015 in preparation of selling the house. While Watson cleaned the house, nothing appeared to be out of place. The following day, on 4 July 2015, Watson returned to the rental property and noticed the outer screen door was broken and the kitchen door had been kicked in. Upon further inspection, Watson noticed various household items had been removed including, an air conditioner, iron doors for a wood stove, a green marble gas heater, a wagon wheel light fixture, a china cabinet containing a sewing machine, pioneer speakers, a washer and dryer, a well pump, a trench coat, a table, and a car alternator.
Watson reported the incident and Detective Edward Morgan ("Detective Morgan") with the Caldwell County Sheriff's Department began an investigation. As a result, Detective Morgan arrested defendant and Jason Setser ("Setser") in connection with the missing items. On 15 July 2015, Setser, in a written statement to Detective Morgan, stated that defendant offered him 20 dollars for a ride to Watson's property. Once there, defendant kicked the door in and began taking items out of the house. Defendant told Setser he had permission to enter the house because he worked for Watson. According to Setser, once he realized it was not true, defendant would not let him leave. Setser pled guilty to breaking and entering, larceny, and possession of stolen goods after the fact. Defendant's case proceeded to trial.
On the day of trial, Setser testified on behalf of the State in exchange for dismissal of pending unrelated charges. Setser's written statement--implicating defendant--was offered into evidence and published to the jury to corroborate Setser's testimony. On cross-examination, defense counsel asked Setser about two letters--marked as "Defendant's Exhibit 1 and 2"--written by Setser to defense counsel prior to trial and dated 2 April and 14 April 2017. The State's objection to questioning about the letters was sustained. The trial court then heard from the parties outside the presence of the jury. The trial court ruled that defense counsel's cross-examination about the contents of Setser's letters constituted an admission of evidence by defendant.
Defense counsel continued to cross-examine Setser about the letters. Defense counsel read from the 14 April 2017 letter, entered both letters into evidence as defense exhibits, and published them to the jury. At the close of the State's evidence, defendant elected not to testify. The State made the final closing argument to the jury.
The jury returned a guilty verdict for felonious breaking and entering, felonious larceny, and felonious possession of stolen goods. Defendant pled guilty to attaining habitual felon status. Judge Poovey arrested judgment on the possession of stolen goods charge and sentenced defendant to 84 to 113 months of imprisonment. Defendant appeals.
_________________________
On appeal, defendant argues that the trial court erred by denying defendant the right to make the final closing argument to the jury. Specifically, defendant contends the trial court erred when it ruled that defendant would forfeit the right to make a closing argument to the jury if defendant elected to introduce evidence of the two letters on cross-examination. We disagree.
Whether evidence has been introduced by the defendant, thereby losing his right to give the last argument to the jury, is a question of law which this Court reviews de novo . When applying de novo review, this Court "considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." State v. Williams , 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008).
"Rule 10 of the [North Carolina] General Rules of Practice for the Superior and District Courts confers upon the defendant in a criminal trial the right to both open and close the final arguments to the jury, provided that no evidence is introduced by the defendant." State v. English , 194 N.C. App. 314, 317, 669 S.E.2d 869, 871 (2008). The right to a final closing argument is "a substantial legal right" which cannot be taken away by an exercise of judicial discretion; an erroneous denial of such right could result in a new trial. State v. Raper , 203 N.C. 489, 492, 166 S.E. 314, 315 (1932). However, where a defendant introduces evidence within the meaning of Rule 10, the defendant loses the right to the final closing argument, and the State has the final closing argument. See State v. Battle , 322 N.C. 69, 76, 366 S.E.2d 454, 458 (1988).
The test for determining when evidence is "introduced" within the meaning of Rule 10 was first enunciated by our Court in State v. Hall , holding "the proper test as to whether an object has been put in evidence is whether a party has offered it as substantive evidence or so that the jury may examine it and determine whether it illustrates, corroborates, or impeaches the testimony of a witness." State v. Hall , 57 N.C. App. 561, 564, 291 S.E.2d 812, 814 (1982).
In State v. Macon , 346 N.C. 109, 114, 484 S.E.2d 538, 541 (1997), the North Carolina Supreme Court held that the defendant lost his right to final closing argument where the defendant's evidence was offered (and received) into evidence. Id . at 114, 484 S.E.2d at 541. Defense counsel asked the testifying officer to read notes from another officer, who had conducted the defendant's interrogation. The Court ruled the reading of the notes was an introduction of evidence. See id . ("Although the writing was not itself introduced into evidence by defendant, [the testifying officer's] reading of its contents to the jury satisfies the requirement in Rule 10 of the General Rules of Practice for the Superior and District Courts that evidence has to be introduced by defendant in order to deprive him of the opening and closing arguments to the jury.").
In the instant case, although defendant argues the two letters were offered to impeach Setser, his argument is without merit because the State did not discuss or otherwise make reference to the letters on direct examination. During the State's direct case, evidence was introduced to place defendant at Watson's property on the night of the burglary and to support his convictions. On direct examination, Setser, testifying as the State's witness, recounted events that occurred on the night of the burglary, which included his involvement and defendant's plan to take Watson's property. The State further offered a statement from Setser to Detective Morgan to corroborate his testimony. However, there was no direct testimony regarding the letters by Setser.
Nevertheless, on cross-examination, defendant sought to introduce Setser's letters into evidence before the jury. In the letters, Setser indicated that he wanted to "get [defendant] out of trouble" and he would change his statement to lessen defendant's punishment by saying "[defendant] did not do [the crimes]." The State objected to the letters as being outside the scope of cross-examination. The trial court held a voir dire, outside of the presence of the jury, and stated in relevant part:
THE COURT: The reason I sustained the objection was because you're introducing evidence during the State's case in chief. Assuming -- and so I don't know if you were intending to do that, but I think that by offering these letters -- or reading from them, you're introducing evidence. This does not go to whether or not - anything related to direct. Okay? This is purely cross-examination, and it's off into something different and new. ...
....
THE COURT: .... I just want you to understand that I believe that if you introduce those exhibits, if you read from them, that you are introducing evidence and giving up the right to argue last to this jury.
Defendant, through counsel chose to move forward, introduce the letters into evidence, and publish them to the jury. Therefore, as defendant introduced evidence within the meaning of Rule 10, he lost his right to the final closing argument. Defendant's argument is overruled.
Further, we note that despite the trial court's warning that questioning about the letters would be considered introduction of evidence, defendant resumed his questioning with the understanding that he would lose the final closing argument. Therefore, defendant is precluded from asserting prejudice when he invited the error he now seeks relief from on appeal. See N.C. Gen. Stat. § 15A-1443(c) (2017) ("A defendant is not prejudiced by the granting of relief which he has sought or by error resulting from his own conduct.").
NO ERROR.
Report per Rule 30(e).
Judges DIETZ and INMAN concur.