No. 10,754.

MILLIKEN, SECRETARY OF STATE v. O'MEARA, ET AL.

Decided January 7, 1924.   Rehearing denied February 4, 1924.

Proceeding in mandamus.   Judgment for relators.

*Reversed.*

1. CONSTITUTIONAL LAW—*Motor Vehicles*—*Taxes.* Chapter 148, S. L. '23, requiring that no license shall issue for any motor vehicle until satisfactory evidence is furnished that the taxes thereon

have been paid, considered and construed, and held not to vio-
late section 21, article V, section 25, article V, section 3, article
II, of the Colorado Constitution, or the due process clause of
the federal Constitution.

2. TAXES AND TAXATION—*Liens—Chattels*.   One who purchases a
chattel to which a tax lien has attached, does not take it free
from the lien.

3. CONSTITUTIONAL LAW—*Taxation—Retrospective Legislation*.   An
act which merely provides a new method for the collection of
taxes which are already a lien upon a chattel, adds no new
burden or duty, and has no retrospective character.          •

*Error to the District Court of the City and County of
Denver, Hon. Clarence J. Morley, Judge.*

Mr. RUSSELL W. FLEMING, Attorney General, Mr.
CHARLES ROACH, Assistant, for plaintiff in error.

Messrs. BARDWELL, HECOX, McCOMB & STRONG, for de-
fendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

O'MEARA and others obtained a peremptory mandamus
against Milliken, secretary of state, requiring him to issue
a motor vehicle license to them upon payment of the re-
quired fee.   He brings error.

The General Assembly passed an act (S. L. 1923, pp. 460-
463), which directs that every officer who collects a regis-
tration license fee for an automobile to "require of the
person applying or of some credible agent thereof, an affi-
davit   *   *   *   that all   *   *   *   taxes on such motor
vehicle   *   *   *   due and payable at any time within the
year preceding that for which such license is to be issued,
have been duly paid," he is forbidden to issue a license
without such affidavit, and if any taxes are due he must
require their payment before issuing the license.

The alternative writ alleges that due application was
made for a license and the proper fee tendered, but that the

respondent refused to accept the fee or issue the license without compliance with said act. It further appears that the machine in question, on April 1st, 1921, was owned by one Walker and that taxes were assessed against it for the year 1921, which are still unpaid.

The claim is that the act in question is unconstitutional for the following reasons:

First. That the subject of the act is not clearly expressed in the title. The title is "An Act relating to the taxation of automobiles, motor trucks and motorcycles." The act is clearly in relation to taxation and therefore the subject is clearly expressed in the title. The claim is made that the principal subject of the act is the licensing of automobiles. The claim is irrelevant. The question is whether the provisions of the act as to licenses are germane to the title and subject. *Rhinehart v. D. & R. G. R. Co.*, 61 Colo. 369-387, 158 Pac. 149. They are so. They provide a method of collection of delinquent taxes. Method of collection is not only germane to, but a part of the law of taxation. Some members of the court consider this point doubtful but resolve the doubt in favor of constitutionality.

Second. It is claimed that the law is special, in violation of § 25, article V of the Colorado Constitution. We do not think so. It operates upon all men in like circumstances, upon all motor vehicles in like circumstances, and discriminates against no one. *Cavanaugh v. People*, 61 Colo. 292, 294, 157 Pac. 200.

Third. It is claimed that the act in question violates § 3 of article II of the Constitution, that "all persons have certain natural, essential and inalienable rights, among which may be reckoned * * * that of acquiring, possessing and protecting property. * * *" We cannot see anything there touching this case.

Fourth. It is claimed that it violates the due process clause of the Constitution of the United States. Not so. C. L. § 7375 provides: "All taxes levied or assessed upon personal property of any kind whatsoever shall be and re-

main a perpetual lien upon the property so levied upon, until the whole amount of such tax is paid."

No property is taken, no property right is impaired, because the property itself is shown by the alternative writ to have been assessed and therefore subject to the lien of the taxes in question when it was purchased. It could not have been procured by the present owner free from the lien. 37 Cyc. 1146, 1147. This lien, by the terms of the above quotation, subsisted without execution or distraint. The statute of 1923 is merely a method of enforcing the discharge of that lien by the payment of the back taxes. The almost universal disregard of such liens heretofore creates no right to disregard them. Even if no license were required it would be the duty of the county treasurer to collect the tax, by sale of the car if necessary. A somewhat similar statute with reference to real estate was enforced in *Aggers v. People*, 20 Colo. 348, 38 Pac. 386.

Fifth. It is asserted that the act is retrospective; but, since it merely provides a new method of collection of taxes which are already a lien upon the chattel and for which the chattel might be sold at any time, it adds no new burden or duty, and therefore has no retrospective character, even as to machines purchased before it took effect, as in the matter before us.

In brief, the relators' claim is that they have bought a machine subject to a lien for a debt due the state, and that it is unconstitutional for the state to refuse them a license to use that machine until they discharge the lien. To state the proposition is to answer it.

Judgment reversed with directions to discharge the writ.

Upon the first point, the sufficiency of the title of the act, the Chief Justice dissents.

MR. CHIEF JUSTICE TELLER dissenting: I am clearly of the opinion that the act in question is unconstitutional, because in violation of section 21 of article V of the state Constitution, the pertinent part of which reads as follows:

"No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title."

This constitutional provision, which appears, in substance, in many of the state constitutions, has been held to be intended to enable legislators, and the people at large, as well, to learn from the title of a bill what is the subject of the proposed enactment. This subject must be determined from the title, and not from the body of the act, as this court has said, and if the subject does not "clearly" appear, the constitutional requirement has not been complied with.

There is a distinction, recognized by the authorities, between the subject of an act and its object. Provisions of an act may be in aid of its object, yet not a part of, or germane to the expressed subject. While it is true, as the majority opinion states, that the purpose of the act, that is, its object, is to aid in enforcing collection of taxes on motor vehicles, the subject of the act is the licensing of motor vehicles. This will clearly appear from a study of the whole act, only a part of which is summarized in the majority opinion. While the title makes "taxation" the subject, the act contains no provision for taxation, as the term is commonly understood, and defined in the lexicons. It merely makes the payment of taxes, levied on motor vehicles, *under existing laws,* a condition of licensing them.

No one reading this title would, for a moment, suppose that it prescribed the conditions upon which a motor vehicle license could be obtained. One intending to apply for such license, and reading the title of this act, would not regard it as having any bearing upon what he had in mind. On the other hand, he would know already that the vehicle was subject to taxation, and that the tax would become a lien upon the vehicle, if not paid. In short, the act, under a title referring only to taxation, provides the procedure for obtaining a motor vehicle license. It gives the vehicle owner no new information as to his duties as taxpayer. It

contains no provision aimed at the ultimate collection of the tax, showing that to be the subject of legislation. If the owner of a motor-vehicle sees fit to let it go unused, and without a license, the tax, so far as this act is concerned, might never be collected. If the licensing of motor vehicles were, by common understanding, connected with the subject of general taxation, it might be said to be germane to the title of this bill; but it clearly is not so connected.

The trial court was therefore right in holding the law unconstitutional.