SCURLOCK OIL COMPANY, Appellant,

v.

THREE STATES CONTRACTING COMPANY, Inc., Appellee.

No. 17845.

United States Court of Appeals
Fifth Circuit.

Dec. 3, 1959.

Fred W. Hodson, Jr., Houston, Tex., Erwin, Wagner & Hodson, Houston, Tex., for appellant.

L. S. Carsey, Houston, Tex., for appellee.

Before HUTCHESON, JONES and WISDOM, Circuit Judges.

PER CURIAM.

Alleging that on July 7, 1956, in Cass County, Texas, plaintiff's pipeline was, as a result of the negligent operation of a bulldozer by defendant's employees, struck and burst, permitting quantities of oil to escape, appellant, plaintiff below, sued to recover the damages resulting therefrom.

Alleging further that: plaintiff first filed its suit on December 9, 1957 in the United States District Court for the Western District of Louisiana; it was there dismissed on the ground that it was barred by the Louisiana one year prescription statute, LSA–R.S. 9:5603; and that within sixty days after the dismissal in Louisiana, it filed its suit in the court below; it invoked Article 5539a of the Vernon's Ann. Revised Civil Statutes of Texas, as tolling the statute.

Thereupon the defendant, alleging: that plaintiff's cause of action is barred by Article 5526 of the Revised Civil Statutes of Texas, the two year statute of limitations; that plaintiff's complaint shows on its face that "Article 5539a. Limitations on dismissal for want of jurisdiction and refiling action in proper court", is not applicable to this case, and, that therefore, it did not toll the running of the statute; moved for summary judgment.

The district judge, on the authority of the Texas cases relied on by defendant, Chalmers v. Am. National Ins. Co., Tex. Civ.App., 103 S.W.2d 228, Binge v. Gulf Coast Orchards Co., Tex.Civ.App., 93 S.W.2d 813, Garrett v. Hartford Acc. & Indemnity Co., Tex.Civ.App., 107 S.W.2d 726, City of Ranger v. Gholson, Tex.Civ. App., 141 S.W.2d 396, granted the motion, and plaintiff has appealed, urging upon us that, while the cases relied on by defendant-appellee do support its view, the decision of the Court of Civil Appeals, in Burford v. Sun Oil Co., Tex. Civ.App., 186 S.W.2d 306, is to the contrary and controlling here.

We do not think so. Indeed, we think it clear that the Burford case is not in conflict, but in accord, with the cases on which appellee and the district judge relied.

The judgment was right. It is affirmed.