George T. SHUFORD, Appellant,

v.

K. K. KAWAMURA CYCLE COMPANY; West Coast Cycle and Supply Company; Louisville Cycle and Supply Company, Inc., Appellees.

No. 80–1361.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 6, 1981.

Decided May 19, 1981.

George B. Hyler, Jr., Asheville, N.C. (Riddle, Shackleford & Hyler, P.A., Asheville, N.C.; Mark D. Slagle, Johnson City, Tenn., on brief), for appellant.

Russell P. Brannon, Asheville, N.C. (Roy W. Davis, Jr., Van Winkle, Buck, Wall, Starnes & Davis, P.A., Asheville, N.C., on brief), and James F. Blue, Asheville, N.C. (Morris, Golding, Blue & Phillips, Asheville, N.C., on brief), and Harry DuMont, Asheville, N.C. (R. Edwin Harrell, Harrell & Leake, Asheville, N.C., on brief), for appellees.

Before BUTZNER, Circuit Judge, and RICHARD L. WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.*

BUTZNER, Circuit Judge:

In this diversity case, George T. Shuford appeals from an order of the district court granting summary judgment for the defendants on the ground that the statute of limitations barred his action for personal injury. We affirm.

The statute of limitations in North Carolina for personal injury is three years. N.C. Gen.Stat. 1–52. Shuford had filed an earlier, timely suit in federal court based on the same cause of action. The defendants moved to dismiss that action for lack of diversity jurisdiction. At the conclusion of a hearing on the defendants' motion, the court indicated that it would be allowed. Shuford then orally moved in open court that he be permitted leave to dismiss voluntarily without prejudice, and the court orally granted permission. By this time the three year statute had run. Subsequently, the court issued a written order allowing dismissal without prejudice. Shuford then filed his second action which is the subject of this appeal.

North Carolina Rule 41(a)(1), N.C.Gen. Stat. 1A–1, provides that when an action is timely filed but voluntarily dismissed without prejudice, "a new action based on the same claim may be commenced within one year after such dismissal . . . ." All parties agree that as a result of his voluntary dismissal of his first action, Shuford gained the protection of the state rule. The contested issue in this case concerns the determination of the date of a voluntary dismissal for the purpose of starting the running of the one year savings period.

Shuford claims that the issue of when the one year period starts reduces to the proce-

* With the consent of counsel, this case was heard by two judges because illness prevented the third judge from attending oral argument.

dural question of when the voluntary dismissal became final. Therefore, he argues, his case is controlled by Rule 41 of the Federal Rules of Civil Procedure, which provides that after the defendant has filed an answer, the plaintiff can only take a voluntary dismissal by order of the court. Under Shuford's theory, because the defendant had filed an answer at the time Shuford announced his intention to dismiss, the one year savings period did not begin to run until the court issued its written order several months later.[1] Shuford contends that based on the date of this order, his second suit was timely filed.

In contrast to the federal rule on voluntary dismissals, North Carolina Rule 41(a) provides that a plaintiff may dismiss an action without order of the court "(i) by filing a notice of dismissal at any time before the plaintiff rests his case, or; (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action." Construing this rule, the Supreme Court of North Carolina held in *Danielson v. Cummings*, 300 N.C. 175, 265 S.E.2d 161 (1980), that the one year savings period starts to run when the plaintiff, prior to resting his case, announces in open court that he will seek a voluntary dismissal. The court noted that a construction of North Carolina Rule 41(a) requiring a written filing before the period begins to run "would allow all plaintiffs to extend indefinitely the time for reinstituting a lawsuit by delaying filing written notice of dismissal with the clerk of court once they have given notice in open

court." "We cannot believe," the court concluded, "the drafters of our version of Rule 41(a)(i) ever intended such a consequence." 300 N.C. at 180. If the North Carolina rule is applied to Shuford's case, his second complaint was properly dismissed, for it was filed approximately a year and four months after he sought leave in open court to dismiss.

In a full opinion carefully considering this issue, the district court concluded that "the state procedural rule concerning the beginning of the period is 'intimately bound up with the state right' to commence a new action" and therefore should be applied.

While this appeal was pending, the Supreme Court stated in *Walker v. Armco Steel Corp.*, 446 U.S. 740, 753, 100 S.Ct. 1978, 1986, 64 L.Ed.2d 659 (1980), that "[t]here is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants." Federal Rule 41 does not purport to control the application of a state statute of limitations.[2] We therefore conclude that the federal rule does not supplant the state rule that is an integral part of the state's one year savings statute. In short, *Walker* confirms the ruling of the district court.

*AFFIRMED.*

---

1. Parenthetically, we note that the delay was not caused by the court or the defendants. The court acted promptly upon Shuford's presentation of the necessary papers.

2. In contrast, Federal Rule 41 does purport to control the plaintiff's right to obtain a voluntary dismissal. Nothing in this opinion is intended to imply that the portion of N.C. Rule 41 allowing the plaintiff to voluntarily dismiss as of right at any time prior to resting his case would take precedence in a diversity suit over the portion of Federal Rule 41 that allows voluntary dismissal as of right only prior to the defendant's answer. This case presents the sole issue of the proper starting date for the state grace period once the district court has indicated in open court that it will grant the

plaintiff's request for a voluntary dismissal. To hold that the state grace period begins when the plaintiff announces his desire to dismiss is not to hold that the district court was precluded in the first instance from exercising its discretion under Federal Rule 41(a)(2) to deny the motion. If the district court had denied the motion, then possibly there would be no state grace period to measure because the plaintiff would not have a voluntary dismissal upon which to premise his claim to the protection of the state savings period. That question must be decided, when presented by the proper case, under the principles set out in *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), and *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980).