CYNTHIA BOCKWEG AND HUSBAND, GREGORY BOCKWEG, PLAINTIFFS v.
STEPHEN G. ANDERSON, BONNEY H. CLARK, EXECUTRIX OF THE ESTATE
OF R. PERRY B. CLARK, A. STANLEY LINK, JR., RICHARD M. HOLLAND
AND LYNDHURST GYNECOLOGIC ASSOCIATES, P.A., DEFENDANTS

No. 8921SC247

(Filed 4 January 1990)

**Limitation of Actions § 12.2 (NCI3d); Rules of Civil Procedure
§ 41.1 (NCI3d) — voluntary dismissal — refiling within one year
— original suit in Federal Court**

The one-year savings provision of N.C.G.S. § 1A-1, Rule
41(a) after a voluntary dismissal without prejudice applied where
the original suit was brought as a diversity action in a federal
court in North Carolina and dismissal was granted pursuant
to N.C. Rule 41(a).

**Am Jur 2d, Limitation of Actions §§ 307, 313.**

Judge PHILLIPS concurring.

APPEAL by plaintiffs from Order entered 6 January 1989 in
FORSYTH County Superior Court by *Judge William H. Freeman.*
Heard in the Court of Appeals 12 July 1989.

Plaintiffs filed a medical malpractice suit in U.S. District Court
for the Middle District of North Carolina on 4 December 1986.
The action was voluntarily dismissed by stipulation on 28 October
1987. On 18 October 1988, plaintiffs filed this action in Forsyth
County Superior Court. Both the federal and state actions allege
a claim for damages due to loss of female reproductive organs.
Defendants moved to dismiss on the basis that female plaintiff
had been discharged from the care of defendants and Forsyth
Memorial Hospital on 8 February 1984 and that the statute of
limitations had expired under G.S. 1-15(c). The court granted the
defendants' motion for summary judgment. Plaintiffs appeal.

*Law Offices of Grover C. McCain, Jr., by Grover C. McCain,
Jr. and William R. Hamilton, for plaintiff-appellants.*

*Tuggle, Duggins, Meschan & Elrod, P.A., by Joseph E. Elrod
III, J. Reed Johnston, Jr. and Rachel B. Hall, for defendant-appellee
Link.*

## BOCKWEG v. ANDERSON

[96 N.C. App. 660 (1990)]

*Petree, Stockton & Robinson, by J. Robert Elster, Stephen R. Berlin and Patrick G. Vale, for defendants' appellees Anderson, Clark, Holland and Lyndhurst Gynecologic Associates, P.A.*

LEWIS, Judge.

Plaintiffs contend that the statute of limitations (G.S. 1-15(c)) was tolled by the one-year savings provision of G.S. 1A-1, Rule 41. The relevant language of Rule 41(a)(1) provides:

> If an action commenced within the time prescribed . . . is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal unless [the judge shall specify in his order a shorter time].

Defendants contend that the one-year savings provision does not apply since the original suit was brought in a Federal Court. They rely on *High v. Broadnax*, 271 N.C. 313, 316, 156 S.E.2d 282, 284 (1967), which ruled that the savings provision is not tolled when the suit is brought in "another jurisdiction." In *Cobb v. Clark*, 4 N.C. App. 230, 233, 166 S.E.2d 692, 694 (1969), this Court subsequently interpreted the *High* ruling to include suits originally brought in a Federal Court sitting in North Carolina.

We note that the opinion in *High* was written under G.S. 1-25, which statute was superseded by Rule 41 in 1969. Unlike G.S. 1-25, the present Rule 41 specifically holds that the savings provision applies when the voluntary dismissal was granted "under this subsection." The statute will be tolled when voluntary dismissal is granted pursuant to the North Carolina Rules of Civil Procedure, regardless of whether or not the dismissal is granted in a State court.

The one-year savings provision of N.C. Rule 41 will therefore be tolled for dismissal from a Federal Court when that dismissal was granted pursuant to N.C. Rule 41. Since the Federal Court in this case did not specify whether it granted dismissal pursuant to the North Carolina Rules of Civil Procedure, we look to federal case law for guidance. In *Haislip v. Riggs*, 534 F. Supp. 95 (W.D.N.C. 1981) we find clear federal precedent which establishes that a Fourth Circuit Federal Court will dismiss pursuant to N.C. Rule 41 in like cases. The *Haislip* court, following *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 82 L.Ed. 1188 (1938), and *Guaranty Trust Co.*

BOCKWEG v. ANDERSON

[96 N.C. App. 660 (1990)]

*of New York v. York,* 326 U.S. 99, 89 L.Ed. 2079 (1945), held that voluntary dismissal of a federal diversity action arising out of North Carolina will be granted pursuant to N.C. Rule 41 because the one-year tolling provision confers a "substantive right" and there was "no countervailing federal interest." 534 F. Supp. at 97-98.

Where the Fourth Circuit has previously established that it invokes N.C. Rule 41 in granting voluntary dismissal, we hold that dismissal has been granted "under this subsection" of N.C. Rule 41 and the one-year savings provision of 41(a) has been triggered for the purposes of refiling in state court. We distinguish the case before us from *High* and *Cobb* on the basis that the Fourth Circuit has, since those cases, stated that it dismisses pursuant to the state rule when a substantive right is to be preserved. *Haislip v. Riggs, id.* Where the state rule was originally applied, the voluntary dismissal was granted "under this subsection" (Rule 41) and *not* in "another jurisdiction." Where the federal court has chosen to uphold the substantive rights of our residents to avail themselves of the one-year tolling provision, we will do no less.

Reversed and remanded.

Judges PHILLIPS and COZORT concur.

Judge PHILLIPS concurring.

Even apart from the Fourth Circuit holdings referred to, the trial court and the defendants construe the phrase "under this section" too narrowly. The phrase "under this section," or one similar to it, appears in innumerable North Carolina statutes which grant rights that can be enforced in other courts. The liberal purpose of our rules leads me to believe that by the section involved our legislature intended to permit a dismissed suit to be refiled in our courts when the conditions stated in the rule are complied with, and had no rational reason to intend otherwise. In this case plaintiff's cause of action accrued under the law of North Carolina; the first suit was brought in a court with concurrent jurisdiction situated in this state; plaintiffs have met the conditions required by both the federal and state rules and are entitled to continue with their case in accordance therewith.