CYNTHIA BOCKWEG AND HUSBAND, GREGORY BOCKWEG v. STEPHEN G. ANDERSON, BONNEY H. CLARK, EXECUTRIX OF THE ESTATE OF R. PERRY B. CLARK, A. STANLEY LINK, JR., RICHARD M. HOLLAND AND LYNDHURST GYNECOLOGIC ASSOCIATES, P.A.

No. 52PA90

(Filed 3 April 1991)

**Rules of Civil Procedure § 41.1 (NCI3d) — voluntary dismissal in federal court — refiling within one year in state court — statute of limitations**

The Court of Appeals' decision was affirmed, for reasons other than those stated in the Court of Appeals' opinion, where plaintiffs filed a medical negligence action in federal court in North Carolina based on diversity; plaintiffs took a voluntary dismissal of one of their claims; that claim was refiled within one year in the Superior Court of Forsyth County, but more than four years from the date care was last rendered to plaintiff wife; defendants moved to dismiss on the ground that the suit was outside the statute of limitations of N.C.G.S. § 1-15(c); the trial court treated the motion as one for summary judgment and granted it based on the statute of limitations; and the Court of Appeals reversed, holding that the one-year savings provision of N.C.G.S. § 1A-1, Rule 41(a)(1) applied to the voluntary dismissal in federal court. *High v. Broadnax*, 271 N.C. 313, and *Cobb v. Clark*, 4 N.C. App. 230, are overruled; a plaintiff who stipulates to a voluntary dismissal, without prejudice, of a timely filed action in a federal court sitting in diversity jurisdiction and applying North Carolina substantive law, and refiles the action in a North Carolina state court, may invoke the one-year savings provision in N.C.G.S. § 1A-1, Rule 41.

**Am Jur 2d, Limitation of Actions §§ 307, 313.**

Justice MARTIN dissenting.

Justice MEYER joins in this dissenting opinion.

ON discretionary review of a decision of the Court of Appeals, 96 N.C. App. 660, 387 S.E.2d 59 (1990), reversing a summary judgment for defendants entered by *Freeman, J.,* in Superior Court, FORSYTH County, on 6 January 1989. Heard in the Supreme Court 7 September 1990.

**BOCKWEG v. ANDERSON**

[328 N.C. 436 (1991)]

*Law Offices of Grover C. McCain, Jr., by Grover C. McCain, Jr., Kenneth B. Oettinger, and William R. Hamilton, for plaintiff appellees.*

*Tuggle Duggins Meschan & Elrod, P.A., by J. Reed Johnston, Jr., and Rachel B. Hall, for defendant appellant A. Stanley Link, Jr.*

*Petree Stockton & Robinson, by J. Robert Elster, Stephen R. Berlin, and Patrick G. Vale, for defendant appellants Stephen G. Anderson, Bonney H. Clark, Executrix of the Estate of R. Perry B. Clark, Richard M. Holland, and Lyndhurst Gynecologic Associates, P.A.*

WHICHARD, Justice.

This case presents the issue of whether the one-year savings provision of N.C.G.S. § 1A-1, Rule 41(a)(1) applies when plaintiffs and defendants stipulate to a voluntary dismissal without prejudice of an action in a federal district court sitting in North Carolina and plaintiffs file the same action within the one-year period in a North Carolina state court. We hold that it does, and we thus affirm the decision of the Court of Appeals, though upon different reasoning. In so doing, for reasons fully set forth herein, we overrule *High v. Broadnax*, 271 N.C. 313, 156 S.E.2d 282 (1967), and *Cobb v. Clark*, 4 N.C. App. 230, 166 S.E.2d 292 (1969).

On 4 December 1986, plaintiffs filed a diversity action in the United States District Court for the Middle District of North Carolina against these named defendants and others for their alleged negligence in the delivery of plaintiff-wife's fetus. On 28 October 1987 plaintiffs and defendant A. Stanley Link, Jr., stipulated to a voluntary dismissal without prejudice, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. On 2 November 1987 plaintiffs and the remaining defendants stipulated to a voluntary dismissal without prejudice, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, as to one of the claims. The other claim proceeded to trial in federal court.

Plaintiffs filed suit against these defendants on the dismissed claim in Superior Court, Forsyth County, on 18 October 1988, within one year of the voluntary dismissals in federal court, but more than four years from the date care was last rendered to plaintiff-wife. Defendants moved to dismiss on the grounds that the suit was outside the applicable statute of limitations, N.C.G.S. § 1-15(c).

BOCKWEG v. ANDERSON

[328 N.C. 436 (1991)]

The trial court treated defendants' motion as one for summary judgment and, by order of 6 January 1989, granted the motion on the basis that the statute of limitations had expired.

The Court of Appeals unanimously reversed the trial court's grant of summary judgment, holding that the one-year savings provision of N.C.G.S. § 1A-1, Rule 41(a)(1) applied to the voluntary dismissal of the action in federal court. *Bockweg v. Anderson*, 96 N.C. App. 660, 387 S.E.2d 59 (1990). Plaintiffs' action therefore was not brought beyond the statute of limitations because it was filed within one year of the dismissals. On 5 April 1990 we allowed discretionary review pursuant to N.C.G.S. § 7A-31(c).

Plaintiffs seek to apply the North Carolina savings provision to an action, originally commenced in a federal court sitting in North Carolina, which was dismissed pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. The Court of Appeals was incorrect in stating that "the Federal Court in this case did not specify whether it granted dismissal pursuant to the North Carolina Rules of Civil Procedure." *Id.* at 661, 387 S.E.2d at 60. The dismissals clearly were taken pursuant to the federal rules. The issue, however, is the effect of the dismissals on plaintiffs' subsequent attempt to refile the action in state court within the one-year savings provision in N.C.G.S. § 1A-1, Rule 41(a)(1), but outside the period of limitations that controls unless N.C.G.S. § 1A-1, Rule 41(a)(1) applies.

Ordinarily, a voluntary dismissal in federal court under Federal Rule 41 "leaves the situation as if the action had never been filed." Wright & Miller, *Federal Practice and Procedure*: Civil § 2367 (1971). "The statute of limitations is not tolled by bringing an action that is later voluntarily dismissed." *Id.* Federal courts ordinarily need not consider the applicability of a savings provision, as the federal rule contains no such provision. This applies to cases in federal court in which jurisdiction is not based on diversity of citizenship and in which there is no occasion for the federal court to apply state substantive law.

For example, in *Humphreys v. United States*, 272 F.2d 411 (9th Cir. 1959), a plaintiff sued the United States government under the Federal Tort Claims Act. Plaintiff's first suit in federal court was brought within the statute of limitations, but plaintiff voluntarily dismissed in order to sue in another federal court more convenient to the parties and witnesses. Plaintiff refiled in the other federal court outside the statute. The court upheld the denial

**BOCKWEG v. ANDERSON**

[328 N.C. 436 (1991)]

of plaintiff's motion to set aside the order of dismissal and reinstate her first suit. It noted that the statute had expired when the motion was made because plaintiff's dismissal under the federal rules did not toll the statute and left "the situation the same as if the suit had never been brought in the first place." *Id.* at 412. Similar treatment of federal voluntary dismissals in nondiversity cases is seen in patent claims—*see A.B. Dick Co. v. Marr*, 197 F.2d 498 (2d Cir. 1952), *cert. denied*, 344 U.S. 878, 97 L. Ed. 680, *reh'g denied*, 344 U.S. 905, 97 L. Ed. 699 (1952)—and cases involving § 1983 claims, *see Cabrera v. Municipality of Bayamon*, 622 F.2d 4 (1st Cir. 1980). Thus, a voluntary dismissal under the Federal Rules in a nondiversity case in federal court does not toll the statute of limitations or invoke a savings provision.

By contrast, except in matters governed by the federal Constitution or acts of Congress, diversity cases involve application by the federal court of substantive provisions of state law. *Erie Railroad v. Tompkins*, 304 U.S. 64, 78, 82 L. Ed. 1188, 1194 (1938). The effect of a voluntary dismissal in a federal court sitting in a diversity case thus may be different from a similar dismissal in a federal question case, depending on the substantive provisions of the applicable state law regarding voluntary dismissals. If the state's rule concerning voluntary dismissals is no different from the federal, the effect of the dismissal is the same as if the case involved solely federal law, *i.e.*, dismissal leaves the situation as if no case had been filed. However, if the state rule concerning dismissal differs from the federal, *Erie* and its progeny provide the appropriate framework for analysis, and the effect of a voluntary dismissal taken in a federal court sitting in diversity is determined by the applicable substantive state law. With respect to the issue at hand, "[t]he tolling of a state statute of limitation in a diversity case is strictly a substantive matter of state law which *Erie* commands that [a federal court] follow absent substantial countervailing federal interests." *Kahn v. Sturgil*, 66 F.R.D. 487, 491 (M.D.N.C. 1975).

In *Webb v. Nolan*, 361 F. Supp. 418 (1972), *aff'd*, 484 F.2d 1049 (4th Cir. 1973), *cert. denied*, 415 U.S. 903, 39 L. Ed. 2d 461 (1974), the plaintiff filed a malpractice action in a federal court sitting in North Carolina, and the defendant moved to dismiss for lack of diversity. Plaintiff then voluntarily dismissed the action. The court stated: "At this stage the situation was the same as if the suit had never been filed. . . . *However, under Rule 41(a)(1)*

BOCKWEG v. ANDERSON

[328 N.C. 436 (1991)]

*and (2), N.C. Rules of Civil Procedure, a voluntary dismissal without prejudice allows a new action on the same claim to be instituted within one year." Id.* at 420 (emphasis added). The court thus implicitly acknowledged the distinction between a dismissal in the context of purely federal law and a dismissal in a diversity case applying state law. Because the case was in diversity applying North Carolina law, plaintiff was allowed to refile in federal court within the one-year period. The plaintiff ultimately suffered involuntary dismissal because of lack of diversity, not because of the statute of limitations.

Other federal courts sitting in diversity and applying North Carolina law have acknowledged that the savings provision of North Carolina Rule 41 applies in diversity cases dismissed in federal court and recommenced in federal court. In *Haislip v. Riggs,* 534 F. Supp. 95 (W.D.N.C. 1981), plaintiff filed in federal court a medical malpractice claim which was voluntarily dismissed, by stipulation of the parties, without prejudice. Plaintiff sought to file the same action in a North Carolina state court within a year of the dismissal, but outside the statute of limitations, and suffered summary judgment on statute of limitations grounds because *High v. Broadnax* precluded application of the savings provision where the original suit was brought in a federal court (*see infra*). Plaintiff then sought to refile his suit in federal court, whereupon defendant again moved to dismiss. The court in *Haislip* stated:

> This Court is of the opinion North Carolina Rule 41(a) is a tolling provision legislatively adopted and falls within the first category of the analysis [requiring application of state substantive law]. . . . The tolling of a state statute of limitations in a diversity case is strictly a substantive matter of state law which *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188 (1938) and *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L. Ed. 2079 (1945) command that this Court follow absent substantial countervailing federal interests. *Id. Therefore, this Court holds that North Carolina Rule 41(a) applies in this case and finds and concludes that the action was filed within one year of the voluntary dismissal without prejudice and is not barred by the North Carolina statute of limitations.*

*Id.* at 98 (emphasis added) (citation omitted). The court then had to consider whether plaintiff's action should be dismissed, not because

of statute of limitations considerations, but because plaintiff suffered involuntary dismissal in the earlier state court action and was therefore barred under principles of res judicata from continuing the litigation.

Likewise, in *Shuford v. K. K. Kawamura Cycle Co.*, 649 F.2d 261 (4th Cir. 1981), both parties agreed, and the court assumed, that "as a result of his voluntary dismissal of his first action, [plaintiff] gained the protection of the state rule [*i.e.*, the savings provision in N.C.G.S. § 1A-1, Rule 41(a)(1)]." *Id.* at 262. The question in *Shuford* was whether the additional year commenced with plaintiff's oral dismissal in open court or with the court's written order allowing the dismissal, *i.e.*, whether the state law or the federal law concerning commencement of the period would govern. In resolving that issue, the court noted that "the state procedural rule concerning the beginning of the period is 'intimately bound up with the state right' to commence a new action and therefore should be applied," and held that "the federal rule does not supplant the state rule that is an integral part of the state's one year savings statute." *Id.* at 263.

The effect of a voluntary dismissal in federal court, pursuant to the Federal Rules, thus depends on whether the federal court's jurisdiction is based on the existence of a federal question or on diversity of citizenship. In federal question cases, or diversity cases in which the state law concerning voluntary dismissal is no different from federal law, a voluntary dismissal will "leave[ ] the situation as if the action had never been filed." Wright & Miller, *Federal Practice and Procedure*: Civil § 2367. In diversity cases in which state law concerning voluntary dismissal is different from federal law, the federal court will conduct an analysis under *Erie* and its progeny to determine the applicable law. Further, federal courts sitting in diversity applying North Carolina substantive law have concluded that when a plaintiff voluntarily dismisses in federal court and recommences in federal court, he is entitled to the benefit of the North Carolina savings provision as a matter of state substantive law. *Shuford*, 649 F.2d 261; *Haislip*, 534 F. Supp. 95; *Webb*, 361 F. Supp. 418; *see also Kahn*, 66 F.R.D. 487. Thus, the effect of a voluntary dismissal taken under the Federal Rules by a plaintiff in a federal court sitting in diversity applying North Carolina law is to allow the plaintiff up to one year to refile in federal court.

BOCKWEG v. ANDERSON

[328 N.C. 436 (1991)]

The issue here is the effect of plaintiffs' voluntary dismissal under the Federal Rules in a federal court sitting in diversity applying North Carolina law on a subsequent refiling outside the statute of limitations in state court. In *High v. Broadnax*, 271 N.C. 313, 156 S.E.2d 282, this Court denied application of the precursor to the applicable savings provision in a situation where plaintiff filed originally in a federal court in Virginia, sitting in diversity applying North Carolina law, and refiled in a North Carolina state court after the statute of limitations had run. Subsequently, our Court of Appeals held that *High* governed, even though the federal court in which plaintiff originally filed was located in North Carolina. *Cobb v. Clark*, 4 N.C. App. 230, 166 S.E.2d 692 (1969). Judge (later Justice) Britt noted in *Cobb*: "It appears that the majority of the states do not agree with the holding in *High v. Broadnax* . . . . Nevertheless, the *High* case is binding on this court." *Cobb*, 4 N.C. App. at 233, 166 S.E.2d at 694.

*High* involved a lawsuit instituted by plaintiff in a federal court in Virginia, dismissed in that court, and refiled within one year in a North Carolina court. Because the new action was filed outside the statute of limitations, the issue was whether the savings provision of N.C.G.S. § 1-25, the precursor to the savings provision in Rule 41, applied to toll the statute and preserve plaintiff's claim. In concluding that the savings provision did not apply, the Court stated: "Where the action is regarded as controlled by the statute of limitations of the forum, it has usually been held that a plaintiff invoking the saving[s] statute of the forum may not rely upon a nonsuit in an earlier action *brought in another state*." *High*, 271 N.C. at 315, 156 S.E.2d at 284 (quoting Annot., 55 A.L.R. 2d 1038, 1039 (1957) ) (emphasis added). The Court ultimately adhered "to the general rule that a statute of the forum which permits a suit to be reinstituted within a specified time after dismissal of the original action otherwise than upon its merits has no application *when the original suit was brought in another jurisdiction.*" *Id.* at 316, 156 S.E.2d at 284 (emphasis in original). Because the plaintiff originally brought suit in Virginia, the Court refused to apply the savings statute.

The issue in *High* was one of first impression in this state. In approaching it, the Court looked for guidance to references indicating the majority rule on the question and to the individual decisions of other states. As noted above, the Court looked first to an A.L.R. annotation covering situations where the original suit

was brought in another state. *High*, 271 N.C. at 315, 156 S.E.2d at 284. That annotation indicated that the usual rule was to deny application of the savings statutes in such cases. Such a rule may be sound when the original action is brought in *another state* because parties know the law of the forum will apply and they need not anticipate the application of another state's rules.

The precise issue in *High*, however, was narrower than its holding and the annotation cited as authority would seem to indicate. Though plaintiff's first filing was in another state, it was in a *federal court* which was applying North Carolina substantive law. Another, and more specific, annotation addressed this subject. *See* Annot., "State statute permitting new action within specified time after judgment or decree not on the merits in a previous action, *as applicable where either the first action or the new action was brought in or removed to a Federal court,*" 156 A.L.R. 1097 (1945) (emphasis added). This annotation states:

> Although there is some conflict on this question, *the great weight of authority either assumes the applicability or applies the tolling statute* in cases where the original action is brought in the state forum, and the section [sic] action, after the dismissal, etc., of the first, in a Federal forum, *or vice versa.*

*Id.* at 1098-99 (emphasis added). The apparent rationale for this principle is that the parties to a federal action in diversity should know that state substantive law governs their case and whether the applicable state substantive law contains a savings provision.

It appears, then, that the precise issue in *High* would have been addressed more appropriately by reference to the annotation just discussed, and that adherence to "the general rule" set forth there would have led to a different result. *See High v. Broadnax*, 271 N.C. at 316, 156 S.E.2d at 284 (Court apparently intended to "adhere to the general rule."). Further, practically all of the additional authority the Court relied on in *High* either was inapposite at the time or has been overruled legislatively or judicially.

The earliest case cited in *High* is *Riley v. Union Pac. R. Co.*, 182 F.2d 765 (10th Cir. 1950). *Riley* involved a personal injury suit commenced in Illinois state court, removed by defendant to federal court, and dismissed as outside the Illinois statute of limitations. Plaintiff then filed in Wyoming federal court, and this action also was dismissed. The federal court followed *Herron v. Miller*,

96 Okl. 59, 220 P. 36 (1923), and held that the Wyoming savings provision did not apply to a prior action *commenced in another state. Riley*, 182 F.2d at 766-67.

*High* also cites *C & L Rural Electric Cooperative Corp. v. Kincade*, 175 F. Supp. 223 (N.D. Miss., 1959), *aff'd*, 276 F.2d 929 (5th Cir. 1960). There the court denied application of a Mississippi savings statute to a case originally filed in an Arkansas state court. *Id.* at 227.

*Riley* and *C & L Rural Electric* thus support the legal principle expressed in the annotation quoted in *High*, *viz*, that when parties litigate in the framework of a particular state's substantive law, it is inappropriate to allow one party later to rely on another state's substantive law to the disadvantage of his opponent. The situation actually presented in *High*, however, and the situation here, are different from the situations in those cases. In both *High* and the present case the parties were litigating in a federal court applying North Carolina substantive law. In such instances the substantive law does not change when the parties dismiss in federal court and refile in a state court. The unfairness that could flow from allowing a party to change the applicable substantive law in the course of the litigation thus was not a proper consideration in *High* and is not here, and *Riley* and *C & L Rural Electric* are inapposite to the precise issue presented both in *High* and here.

Three other cases cited in *High—Sorensen v. Overland Corp.*, 142 F. Supp. 354 (D. Del. 1956), *aff'd*, 242 F.2d 70 (3d Cir. 1957), *Sigler v. Youngblood Truck Lines, Inc.*, 149 F. Supp. 61 (E.D. Tenn. 1957), and *Anderson v. Southern Bell Telephone & Telegraph Company*, 108 Ga. App. 314, 132 S.E.2d 820 (1963)—have been overruled legislatively or modified judicially.

*Anderson* was decided on facts somewhat similar to the case at bar. The plaintiff filed in a Georgia federal court, was dismissed for lack of diversity, and subsequently filed in a Georgia state court. The court held that the Georgia savings statute did not apply. *Id.* The Georgia legislature subsequently amended the savings provision to make it applicable to federal dismissals. Ga. Code Ann. § 9-2-61 (1985).

The court in *Sigler* construed Tennessee law and held that a federal dismissal in North Carolina was not effective to invoke the Tennessee savings statute in a subsequent federal action in

Tennessee. The Tennessee savings provision at the time had "reference to actions commenced in Tennessee courts only." *Sigler*, 149 F. Supp. at 66. Thus, the limited scope of the savings statute prohibited its application to cases involving an action originally brought in federal court. The Tennessee legislature, however, later amended its savings statute to provide that "any party filing an action in federal court that is subsequently dismissed for lack of jurisdiction shall have one (1) year from the date of such dismissal to timely file such action in an appropriate state court." Tenn. Code Ann. § 28-1-115 (1984). This amendment broadened application of the Tennessee savings provision to include not only actions commenced in Tennessee courts, but also actions commenced in federal court. A federal court construing Tennessee law after the amendment to the savings statute would not be compelled to limit its application to actions originally filed in state court, as the court was in *Sigler*.

Finally, in *Sorensen* the federal trial court sought to predict what the Delaware courts would do if asked to apply the Delaware savings statute to "prior actions arising out of foreign courts, state or federal." *Sorensen*, 142 F. Supp. at 363. The court stated, "[t]he Delaware statute from its plain meaning leads me to believe its provisions were not intended to cover actions commenced beyond the boundaries of the state." *Id.* When ultimately faced with the issue, Delaware state courts criticized *Sorensen* and held that the Delaware savings statute applied to dismissed federal actions subsequently brought in Delaware state court, *Howmet Corporation v. City of Wilmington*, 285 A.2d 423, 426 (Del. Super. Ct. 1971), and even to an action brought and dismissed in a Pennsylvania state court, then refiled in a Delaware state court. *Leavy v. Saunders*, 319 A.2d 44, 46 (Del. Super. Ct. 1974).

Two other cases cited in *High* are *Milliken v. O'Meara*, 74 Colo. 475, 222 P. 1116 (1924), and *Scurlock Oil Co. v. Three States Contracting Co.*, 272 F.2d 169 (5th Cir. 1959). *Milliken* is not relevant to the issue in *High* and here. *Scurlock* is a *per curiam* affirmance holding that a federal suit in Louisiana dismissed on limitation grounds did not toll the running of a Texas limitation in a subsequent action filed in federal court in Texas. It thus is not pertinent here, where the dismissal was voluntary and within the applicable statute of limitations.

The only authority cited in *High* that appears to remain the law is *Morris v. Wise*, 293 P.2d 547 (Okla. 1955). *Morris* denied application of the Oklahoma savings statute to an action originally filed in a federal court in Texas and subsequently filed in an Oklahoma state court. *Id.* at 550-51. The court in *Morris*, however, followed without discussion the syllabus of *Herron v. Miller*, noted above, to the effect that the Oklahoma savings statute did not apply to cases originally filed *in another state*. It did not discuss the merits or demerits of extending that rule to dismissals in federal courts sitting in diversity.

Thus much, if not all, of the authority relied on in *High* either was inapposite initially or is now overruled. Further, other courts have since addressed the problem at issue in *High* and have noted a marked trend toward a liberal application of state savings provisions due in large part to a recognition of their remedial nature and purpose. *See Templer v. Zele*, 1990 WL 31698 (Ariz. App.) (citing *Technical Consultant Services v. Lakewood Pipe*, 861 F.2d 1357, 1359-62 (5th Cir. 1989) ) (Texas law). *See also Prince v. Leesona Corp., Inc.*, 720 F.2d 1166, 1169 (10th Cir. 1983) (Kansas law); *Long Island Trust Co. v. Dicker*, 659 F.2d 641, 645-47 (5th Cir. 1981) (Texas law); *Allen v. Greyhound Lines, Inc.*, 656 F.2d 418, 422 (9th Cir. 1981) (Montana law); *Stare v. Pearcy*, 617 F.2d 43 (4th Cir. 1980) (West Virginia law); *Abele v. A.L. Dougherty Overseas, Inc.*, 192 F. Supp. 955, 957 (N.D. Ind. 1961) (Indiana law); *McCrary v. United States Fidelity & Guaranty Co.*, 110 F. Supp. 545, 548 (W.D.S.C. 1953) (Arkansas law); *Nichols v. Canoga Industries*, 83 Cal. App. 3d 956, 962, 148 Cal. Rptr. 459, 463 (1978); *Schneider v. Schimmels*, 256 Cal. App. 2d 366, 370, 64 Cal. Rptr. 273, 275 (1967); *Leavy v. Saunders*, 319 A.2d 44 (Del. Super. Ct. 1974) (Delaware law); *DeClerck v. Simpson*, 200 Ill. App. 3d 889, 146 Ill. Dec. 271, 558 N.E.2d 234 (1990), *appeal allowed*, 133 Ill. 2d 554, 149 Ill. Dec. 319, 561 N.E.2d 689 (1990); *Eves v. Ford Motor Co.*, 152 Ind. App. 34, 42, 281 N.E.2d 826, 831 (1972).

Additional support for this approach is found in cases discussing the relationship between voluntary dismissal under the Federal Rules and state rules of civil procedure. For example, the 4th Circuit Court of Appeals has stated: "We think the difference in a [Federal] Rule 41 dismissal and a Virginia nonsuit . . . goes more to matters of form than substance. . . . [B]oth the federal rule and the Virginia statute have as their purpose the voluntary dismissal of an action by a plaintiff without prejudice at some

BOCKWEG v. ANDERSON

[328 N.C. 436 (1991)]

stage of a proceeding." *Scoggins v. Douglas*, 760 F.2d 535, 538 (4th Cir. 1985) (*per curiam*).

In addition to its eroding—if not eroded—basis of authority, *High* has complicated the relationship between federal and state courts and marred the symmetry of our law in this area. There are four possible configurations of voluntary dismissals and re-filings between the state and federal systems: (1) state dismissal/state refile; (2) federal dismissal/federal refile; (3) state dismissal/federal refile; and (4) federal dismissal/state refile. A plaintiff may, without question, file in state court, dismiss, and refile in a state court within a year. Under the authority discussed above, a federal plaintiff in diversity may dismiss and refile in federal court within a year. *Shuford*, 649 F.2d 1049; *Haislip*, 534 F. Supp. 95; *Webb*, 361 F. Supp. 418. Likewise, a state plaintiff may dismiss and refile in federal court within a year. *Porter v. Groat*, 713 F. Supp. 893 (M.D.N.C. 1989). Yet, under the rule in *High*, a plaintiff may not dismiss in federal court and seek the benefit of the North Carolina savings provision when he refiles his action in a North Carolina state court.

Courts should not "mar the symmetry of the legal structure by the introduction of inconsistencies and . . . artificial exceptions unless for some sufficient reason, which will commonly be some consideration of history or custom or policy or justice." B. Cardozo, *The Nature of the Judicial Process* 33 (1921). No reason is apparent sufficient to justify this inconsistency or artificial exception in our law. The purpose of the statute of limitations, which is to avoid stale claims by giving a defendant notice of a claim within a pre-scribed period, would not be undermined, and the remedial purpose of the savings provision would be furthered, by allowing a federal dismissal/state refiling, just as refiling is allowed in all other con-figurations possible in the federal-state relationship in diversity cases.

The mere fact that plaintiff took his dismissal in federal court clearly is not sufficient reason to deny application of the savings provision; even in *High*, this Court explicitly stated that when a defendant removes a plaintiff from state to federal court, plaintiff may dismiss in federal court and still take advantage of the North Carolina savings provision. *High*, 271 N.C. at 316, 156 S.E.2d at 284-85 (citing *Motor Co. v. Credit Co.*, 219 N.C. 199, 13 S.E.2d 230 (1941); *Brooks v. Lumber Co.*, 194 N.C. 141, 138 S.E. 532 (1927); *Fleming v. R.R.*, 128 N.C. 80, 38 S.E. 253 (1901) ). While there

may be legitimate reasons to deny application of our savings provision when a party has voluntarily dismissed in another state's court system, there is no apparent reason for doing so when the parties move from the federal system when it is applying our state substantive law regarding voluntary dismissals. When federal courts are sitting in diversity following North Carolina substantive law, they are like another court of the state. *Guaranty Trust Co. v. York*, 326 U.S. 99, 108, 89 L. Ed. 2079, 2086 (1945) ("a federal court adjudicating a state-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the State").

In addition, an examination of the language of North Carolina Rule 41, which encompasses the savings provision, reveals no purpose to limit the provision to dismissals taken in state court. Rule 41 states:

(a) Voluntary dismissal; effect thereof.—

(1) By Plaintiff; by Stipulation.—Subject to the provisions of Rule 23(c) and of any statute of this State, an action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case, or; (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this or any other state or of the United States, an action based on or including the same claim. If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice *under this subsection*, a new action based on the same claim may be commenced within one year after such dismissal unless a stipulation filed under (ii) of this subsection shall specify a shorter time.

(2) By Order of Judge.—Except as provided in subsection (1) of this section, an action or any claim therein shall not be dismissed at the plaintiff's instance save upon order of the judge and upon such terms and conditions as justice requires. Unless otherwise specified in the

BOCKWEG v. ANDERSON

[328 N.C. 436 (1991)]

order, a dismissal under this subsection is without prejudice. If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice *under this subsection,* a new action based on the same claim may be commenced within one year after such dismissal unless the judge shall specify in his order a shorter time.

(b) Involuntary dismissal; effect thereof.— . . . Unless the court in its order for dismissal otherwise specifies, a dismissal *under this section* and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a necessary party, operates as an adjudication upon the merits. If the court specifies that the dismissal of an action commenced within the time prescribed therefor, or any claim therein, is without prejudice, it may also specify in its order that a new action based on the same claim may be commenced within one year or less after such dismissal. . . .

N.C.G.S. § 1A-1, Rule 41 (1990) (emphasis added). The rule itself does not expressly extend or limit the application of the savings provision to dismissals or refilings in any particular court. The words "under this subsection" do not *limit application* of the savings provision; rather, they acknowledge that plaintiff may take a subsection (a)(1) voluntary dismissal by stipulation, a subsection (a)(2) voluntary dismissal by order of the court, or a subsection (b) involuntary dismissal without prejudice. Slightly different consequences follow dismissal under each of the three subsections.

In summary, our examination of the principles and authority upon which *High* is based leads us to the conclusion that it should no longer be the law of this state. With one relatively minor exception, all of the authority supporting *High* is either inapposite to the precise issue or has been modified or overruled. The trend of recent decisions is clearly contrary to *High*. There is no express language in the rule creating the savings provision that would prevent its application to this case. Finally, the rule in *High* creates an inconsistency or artificial exception between procedure in state and federal court that serves no articulable purpose, mars the symmetry of our law, and may result in arbitrariness and unfairness to litigants.

For the reasons stated, we overrule *High v. Broadnax*, 271 N.C. 313, 156 S.E.2d 282, and *Cobb v. Clark*, 4 N.C. App. 230, 166 S.E.2d 292. We hold that a plaintiff who stipulates to a voluntary dismissal, without prejudice, of a timely filed action in a federal court sitting in diversity jurisdiction and applying North Carolina substantive law, and refiles the action in a North Carolina state court, may invoke the one-year savings provision in N.C.G.S. § 1A-1, Rule 41. For the reasons stated, rather than those contained in the Court of Appeals opinion, the decision of the Court of Appeals is affirmed.

Affirmed.

Justice MARTIN dissenting.

I must respectfully dissent from the majority opinion.

"Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give it its plain and definite meaning, and are without power to interpolate or superimpose, provisions and limitations not contained therein."

*State v. Camp*, 286 N.C. 148, 152, 209 S.E.2d 754, 756 (1974) (quoting 7 Strong, N.C. Index 2d *Statutes* § 5 (1968)). *Accord, e.g., Pavelic & LeFlore v. Marvel Group*, 493 U.S. 120, ---, 107 L. Ed. 2d 438, 445 (1989) (when interpreting a statute, "[o]ur task is to apply the text, not to improve upon it."). In the instant case, the statute we are applying, North Carolina General Statute § 1A-1, Rule 41(a)(1), provides as follows:

(a) *Voluntary dismissal; effect thereof.—*

(1) By Plaintiff; by Stipulation.—

Subject to the provisions of Rule 23(c) and of any statute of this State, an action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case, or; (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once

BOCKWEG v. ANDERSON

[328 N.C. 436 (1991)]

> dismissed in any court of this or any other state or
> of the United States, an action based on or including
> the same claim. If an action commenced within the time
> prescribed therefor, or any claim therein, is dismissed
> without prejudice *under this subsection,* a new action
> based on the same claim may be commenced within
> one year after *such* dismissal unless a stipulation filed
> under (ii) of this subsection shall specify a shorter time.
> (Emphasis supplied.)

The plain meaning of the last sentence of this subsection is that in order for the one-year extension to be available to a party, the party must have dismissed the action under North Carolina General Statute § 1A-1, Rule 41(a)(1). In the instant case, the parties have stipulated that the dismissal at issue was taken under *Federal* Rule of Civil Procedure 41(a)(1). The cases were originally filed in federal district court; because they were not removed there from a State court, principles relevant to removal cases do not apply in the instant case. Obviously, where a case was initiated by plaintiffs in a federal court, a dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal "under this subsection" of North Carolina Rule 41(a)(1); only a voluntary dismissal taken pursuant to North Carolina Rule of Civil Procedure 41(a)(1) can be "under this subsection." Contrary to the majority's statement that "the words 'under this subsection' do not *limit application* of the savings provision," *Bockweg v. Anderson,* 328 N.C. 436, 449, 402 S.E.2d 627, 636, the rule *does* limit the class of litigants who may benefit from the savings clause to those who take dismissals pursuant to the North Carolina Rules of Civil Procedure. State Rule 41(a)(1) in no way permits a case initiated and dismissed under the Federal Rules of Civil Procedure to be considered to have been "under this subsection"—that is under a North Carolina Rule of Civil Procedure—for the purpose of the one-year extension.[1]

Had the General Assembly intended claims which were initially brought and dismissed in federal courts or in courts of other states to come under the sentence at issue, it could have so provid-

---

1. If any section of North Carolina Rule of Civil Procedure 41 applies to evaluating the prior dismissal taken by the instant plaintiffs in federal court, it is Rule 41(b) which provides that "any dismissal not provided for in this rule . . . operates as an adjudication upon the merits."

ed. *Cf., e.g.,* Ga. Code Ann. § 9-2-61 (Supp. 1990). When drafting North Carolina General Statute § 1A-1, Rule 41(a) and amendments thereto, the legislature was aware of the possibility of dismissal in other jurisdictions, as can be seen by the second sentence of Rule 41(a)(1) in which direct reference was made to the prejudicial effect of dismissing a case more than once "in any court of this or any other state or of the United States . . . ." The fact that this sentence is followed by a sentence expressly limiting the one-year extension to voluntary dismissals taken "under this subsection" indicates that the dismissals must be taken pursuant to North Carolina Rule 41(a)(1) and not the rules of any other jurisdiction in order to take advantage of the one-year extension.

The majority opinion's extensive analysis of the reasons for having symmetry between State and Federal Rules 41 is interesting; however, the statute can be amended only by the General Assembly, not by this Court. The fact of the matter is that Federal Rule 41 and North Carolina Rule 41 do not have equivalent language, and to amend the North Carolina Rule as the majority has done in its opinion is to invade the province of the General Assembly with respect to North Carolina General Statute § 1A-1, Rule 41. While this Court has exclusive authority to amend the appellate rules, the General Assembly is the sole source of the North Carolina Rules of Civil Procedure, unless this authority is expressly delegated to the Supreme Court. N.C. Const. art. IV, § 13(2) (1984). *Cf. State v. Campbell,* 14 N.C. App. 596, 188 S.E.2d 558 (1972). This the General Assembly has not done.

The majority's discussion of the law to be applied in federal courts in diversity settings is similarly interesting, but without any relevance to the application of a North Carolina rule of procedure in a North Carolina court. Further, the majority's remark that "[t]he issue here is the effect of plaintiffs' voluntary dismissal under the Federal Rules in a federal court sitting in diversity applying North Carolina law on a subsequent refiling outside the statute of limitations in state court" is misleading. *Bockweg v. Anderson,* 328 N.C. at 442, 402 S.E.2d at 631. Whether or not the federal court was sitting "in diversity" in the original case initiated and dismissed by the plaintiffs is irrelevant, as the federal court properly applied the *federal* rules of *procedure* at the time the dismissal was taken in that court. There was no application whatsoever of North Carolina substantive or, for that matter, procedural law in the federal court in the prior voluntary dismissal

**BOCKWEG v. ANDERSON**

[328 N.C. 436 (1991)]

by plaintiffs. As a consequence, the majority's discussion of *High* and the cases cited therein is presented in a false light. The fact that in *High* the parties were litigating a diversity case has nothing to do with the instant case, except for the incidental similarity that had the original case that was brought in federal court not been dismissed, State substantive law would have been applied in deciding the merits of the case. The reason that *High* is relevant is because there, as in the present case, this Court was called upon to determine whether, under the then applicable North Carolina statute, the plaintiff's voluntary dismissal of a case he initiated in federal court could toll a period of limitations so as to allow another case predicated on the same cause of action to be later filed in a North Carolina court.

In fact, the majority inappropriately overrules *High v. Broadnax*, 271 N.C. 313, 156 S.E.2d 282 (1967). In *High*, this Court was applying North Carolina General Statute § 1-25 (1953), which provided:

> *New action within one year after nonsuit, etc.*—If an action is commenced within the time prescribed therefor, and the plaintiff is non-suited, or a judgment therein reversed on appeal, or is arrested, the plaintiff or, if he dies and the cause of action survives, his heir or representative may commence a new action within one year after such nonsuit, reversal, or arrest of judgment, if the costs in the original action have been paid by the plaintiff before the commencement of the new suit, unless the original suit was brought in forma pauperis.

The *High* court correctly held that this statute had no application *"when the original suit was brought in another jurisdiction,"* id. at 316, 156 S.E.2d at 284 (emphasis in original), including a federal jurisdiction. The statute we are applying in the instant case is not materially different from former section 1-25 in this respect.

It should also be noted that the majority appears to suggest that *High* did not refer to a particular American Law Reports ("A.L.R.") annotation concerning the effect of a voluntary dismissal in federal court on a later case attempting to rely on a state tolling provision. *Bockweg v. Anderson*, 328 N.C. at 443, 402 S.E.2d at 631-32. In fact, *High* did cite this annotation, and properly placed it in the context of discussing the application of such a statute in *removal* cases. *See High*, 271 N.C. at 316, 156 S.E.2d at 285. The majority opinion makes much of the fact that this A.L.R. annotation recites that "the great weight of authority either assumes

the applicability or applies the tolling statute in cases where the original action is brought . . . in a [f]ederal forum . . . ." *Bockweg v. Anderson*, 328 N.C. at 443, 402 S.E.2d at 631, quoting from Annot., "State statute permitting new action within specified time after judgment or decree not on the merits in a previous action, as applicable where either the first action or the new action was brought in or removed to a Federal court," 156 A.L.R. 1097, 1099 (1945). However, this "great weight of authority" as listed in the annotation consists of the citation of case law in only six states (including North Carolina) and a number of federal courts, some of which cases (including those from North Carolina) are discussing the application of this sort of statute in *removal* contexts. Presumably, the reason a statute such as former section 1-25 or current section 1A-1, Rule 41(a) applies in a removal situation is because it would be unfair to allow defendants to gain control of plaintiff's ability to take advantage of a tolling statute such as former section 1-25 by removing a case to a federal forum where plaintiff's voluntary dismissal would then otherwise be considered as having been taken in "another jurisdiction." This is a more plausible reason for the "great weight of authority" of (removal) cases cited in the annotation at issue than the majority's statement that "[t]he apparent rationale for this principle is that the parties to a federal action in diversity should know that state substantive law governs their case and whether the applicable state substantive law contains a savings provision." *Bockweg v. Anderson*, 328 N.C. at 443, 402 S.E.2d at 631. *See, e.g., Brooks v. Lumber Co.*, 194 N.C. 141, 138 S.E. 532 (1927).

Further, the fact that there may be a "trend towards a liberal application of state [statutory] savings provisions," *Bockweg v. Anderson*, 328 N.C. at 446, 402 S.E.2d at 633, does not permit this Court to amend the statute. Again, it is not this Court which is "mar[ring] the symmetry of the legal structure," *Bockweg v. Anderson*, 328 N.C. at 447, 402 S.E.2d at 634; it is the General Assembly which deliberately has passed and ratified a rule of civil procedure which is not symmetrical to the federal rule. *Cf.* N.C.G.S. § 1A-1, Rule 41, Comment to the 1969 Amendment (Noting that while "[s]ection 41(b) has been rewritten[ ] *in conformity with the present federal rule*," the newly amended section 41(a) was not.).[2]

---

2. Presumably, the General Assembly was aware of the 1967 *High* case when it amended Rule 41(a) in the way that it did in 1969.

**BOCKWEG v. ANDERSON**

[328 N.C. 436 (1991)]

Although the majority says that "[n]o reason is apparent sufficient to justify this inconsistency or artificial exception in our law," *Bockweg v. Anderson*, 328 N.C. at 447, 402 S.E.2d at 634, this alleged inconsistency is not a matter for the Court to remedy. It is the General Assembly's mandate to bring symmetry between North Carolina Rule of Procedure 41 and Federal Rule of Procedure 41, if that is what the General Assembly would like to do. As the majority opinion observes, the Georgia legislature amended Georgia Code § 9-2-61 in 1985 to provide a six-month tolling provision "[w]hen any case has been commenced in either a state *or federal court* . . . and the plaintiff discontinues or dismisses the same." Ga. Code Ann. § 9-2-61 (Supp. 1990) (emphasis supplied). Of course, until the Georgia legislature did so, the Georgia courts were required to apply an earlier statute which, like the present North Carolina General Statute § 1A-1, Rule 41(a)(1), did not contain a tolling provision if a case was dismissed in a federal court. *E.g.*, *Blaustein v. Harrison*, 160 Ga. App. 256, 286 S.E.2d 758 (1981) (where plaintiff's medical malpractice suit was initiated and dismissed in United States District Court for the Northern District of Georgia, plaintiff could not take advantage of the six-month tolling provision to institute action in state court after the usual two-year statute of limitations had run its course). As the majority opinion also says, like Georgia, Tennessee has apparently also amended a refiling-tolling statute to make it applicable to dismissals of federal cases. *Bockweg v. Anderson*, 328 N.C. at 445, 402 S.E.2d at 632. In North Carolina, we, too, must wait for the General Assembly to act.

This Court has inappropriately amended Rule 41 and overruled its own prior case law. I dissent.

Justice MEYER joins in this dissenting opinion.